*In re* MATTER OF ARBITRATION—(BORG, INC., Respondent-Appellant, *v.* MORRIS MIDDLE SCHOOL DISTRICT No. 54, Petitioner-Appellee.)

(No. 71-100;

Third District—February 15, 1972.

Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, of Chicago, (Victor G. Savikas, of counsel,) for appellant.

Dunn & Hayes, of Morris, (Eugene Hayes, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of the Thirteenth Judicial Circuit, Grundy County, Illinois, granting the application of Morris Middle School District No. 54 to stay arbitration proceedings.

Borg, Inc., hereinafter called "Borg", entered into a contract with Morris Middle School District No. 54, hereinafter called the "School District", to install heating, ventilating and air conditioning systems for a new school.

The School District employed an architect and Borg subcontracted the installation of the duct work to be performed under the terms of the contract.

After construction had begun, Borg's subcontractor discovered an alleged error in the plans and specifications prepared by the architect for the installation of the duct work and revised the method of installation. Borg later requested the architect to approve a change order increasing the amount to be paid by the School District under the terms of the contract because of the revision of the method for installing the duct work. The request was denied by the architect who ordered Borg to proceed with the construction.

Borg instituted arbitration proceedings on behalf of the subcontractor against the School District. The School District filed a counterclaim in the arbitration proceedings against the architect in the event Borg should receive an award. The School District further participated in the selection of an Arbitrator and filed an answer. The School District also attended two meetings with the Arbitrator. At the first meeting the matter was continued generally and at the second meeting it filed a motion to dismiss the claim for arbitration on several grounds, one being that there was no agreement to arbitrate the issue raised by Borg. This motion was denied by the Arbitrator and the School District made its application with the circuit court to stay the arbitration proceedings. No evidence was taken by the Arbitrator on the merits of Borg's claim.

The points presented by this appeal are: (1) Whether or not the architect's refusal to approve a change order for an increased cost to the School District claimed by a subcontractor for a revision of the method of installing duct work allegedly caused by an error in the plans and specifications prepared by the architect is an issue, claim or dispute which Borg and the School District, by the terms of their contract, agreed to arbitrate; (2) Whether or not the School District is estopped from withdrawing from the arbitration; (3) Did the trial court commit error by considering the merits of the controversy.

■■ On the first point, our Supreme Court in *Flood v. Country Mutual Insurance Company*, 41 Ill.2d 91, 242 N.E.2d 149, has stated:

"Despite the salutary purpose of our Arbitration Act, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication."

We have been unable to find any clear language and none has been pointed out to us in the contract which requires the School District to arbitrate with Borg the issue of increased costs to the School District claimed by a subcontractor because of the revision of the method of installing duct work caused by an alleged error of the architect. Without considering the merits of Borg's claim, we will not by construction or implication extend the language of the contract to hold that the School District agreed to arbitrate this issue.

■■ We find no merit in Borg's contention that a request and refusal to issue a change order for additional costs is the sole criteria in determining whether or not there is an agreement to arbitrate the refusal. It is not the refusal of the request, but the issue raised by the request that the court must consider in determining whether there was an agreement to arbitrate. In considering the issue raised by the request, neither the trial court nor this court is considering the merits of the issue, only whether the parties have agreed to arbitrate the particular issue.

■■ We next consider the question of estoppel. Section 102(b), Chapter 10, Illinois Revised Statutes, being Section 2(b) of the Uniform Arbitration Act, provides as follows:

"On application, the Court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and *bona fide* dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving part. If found for the opposing party, the court shall order the parties to proceed to arbitration."

Section 112(a)(5), Chapter 10, Illinois Revised Statutes, being Section 12(a)(5) of the Uniform Arbitration Act, provides as follows:

"(a) Upon application of a party, the court shall vacate an award where:

\* \* \*

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

A reading of these sections shows clearly that the question of an agreement to arbitrate an issue can not be raised for the first time after an award.

Before an award, Section 2(b) of the Act states that the question can be raised, when in substantial and *bona fide* dispute, and the court may stay an arbitration proceeding commenced or threatened.

No case has been cited to us under the Uniform Arbitration Act as adopted in this state that on the facts of this case the School District is estopped from objecting to arbitration, after proceedings are commenced but before an award, on the ground of no agreement to arbitrate.

■■ *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Bldg. F.,* 109 Ill.App.2d 224, 248 N.E.2d 289, held:

"The issue of whether or not there is any jurisdiction to arbitrate or the limits of that jurisdiction should be determined at the earliest possible moment and should be controlled by judicial guidelines."

In the *Blades* case there was a demand for arbitration and a request as to the location for the hearings before the application to stay the proceedings. The court found that there was no agreement to arbitrate to issue and then stated:

"We therefore deem it unnecessary to discuss any question of waiver * * *""

■■ Under the facts of the case before us we do not believe that the School District was estopped from withdrawing from the arbitration or that any action on its part or that of the architect can be held to be a waiver of its right to apply for a stay of the arbitration proceedings.

■■ Lastly, we have reviewed the comments of the trial court which Borg claims show the trial court considered the merits of the controversy. We are of the opinion that the trial court's remarks as to the parties involved in the controversy can not be construed as considering the merits of the controversy. We again repeat that both the trial court and this court have a right to consider the actual issue between these parties in order to make a determination of whether or not there is an agreement to arbitrate the issue.

The trial court correctly stayed the arbitration proceedings and its order is hereby affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.