552 P.2d 224

**Mattie GRAVES, Plaintiff,**

v.

**Dar COGSWELL, Judge of the District Court of the First Judicial District for the State of Idaho, in and for the County of Shoshone, Defendant.**

No. 12161.

Supreme Court of Idaho.

July 13, 1976.

Raymond C. Givens, Idaho Legal Aid Services, Inc., Coeur d'Alene, for plaintiff. lant.

William L. Bird, Asst. Atty. Gen., Coeur d'Alene, for defendant.

PER CURIAM.

This is an original action wherein plaintiff seeks issuance of a writ of mandate directed to the defendant district judge to require him to waive the payment of the otherwise statutorily required filing fee in pursuit of an action to be filed in the district court for the purpose of reviewing the decision of an administrative agency. This Court heretofore issued its alternative writ and we make it permanent.

The facts herein are not in dispute and are largely stipulated. Plaintiff is an 84-year-old widow who because of age and physical condition lives in a nursing home in Kellogg, Idaho. It is stipulated that Mrs. Graves is indigent and her sole source of income is a Social Security check in the amount of $157.50 per month. In June 1972, plaintiff Graves deeded what had been her family home to her son, Richard, who is totally disabled and unable to work. In January 1973, plaintiff entered the nursing home. The $157.50 Social Security check was thereafter entirely used by plaintiff to pay a part of her nursing home expenses. The Department of Public Assistance, now Department of

Health and Welfare, paid the remainder of plaintiff's nursing home expense under their Old Age Assistance program. In May 1975, the Department of Health and Welfare determined that the June 1972 real property transfer was made with the intent to defraud the Department of Health and Welfare and thereupon they terminated the Old Age Assistance payments to plaintiff and the nursing home. On October 29, 1975, a hearing was held before the Department of Health and Welfare hearing officer and the earlier determination was upheld.

From that decision by the administrative agency, plaintiff seeks to initiate an appeal in the district court. Following certain proceedings there, the relevance of which are not necessary for discussion here, the district court determined that although plaintiff was indigent and had no means of paying the necessary filing fee, such fee was nevertheless required by statute and it could not and would not be waived.

Plaintiff here asserts that the due process clause of Art. I, § 13, of the Idaho Constitution requires a waiver of filing fees in this particular case. Such reliance upon the Idaho constitutional due process provision appears to distinguish this case from those opinions of the United States Supreme Court addressing the U.S. Constitution 14th Amendment Due Process Clause. In *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), it was held that a mandatory filing fee in a divorce action sought to be filed by an indigent violated due process. However, the court refused to extend that rationale in *U. S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), where an indigent sought to have filing fees waived in a bankruptcy action. The court also in *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) refused to extend the *Boddie* rationale in a case involving an indigent attempting to obtain judicial review of an administrative decision denying welfare benefits.

It is clear in Idaho, however, that unless an appeal is provided from the decision of an administrative body to a court of law, due process has not been satisfied and is denied. *Idaho Mutual Benefit Assoc. v. Robison*, 65 Idaho 793, 154 P.2d 156 (1944); *State v. Finch*, 79 Idaho 275, 315 P.2d 529 (1957).

Plaintiff here also asserts that the requirement of the payment of a filing fee in the instant case is violative of Art. I, § 18, of the Idaho Constitution which provides that courts of justice shall be open to every person and shall be administered without prejudice.

There is no contention here that mandamus is not an appropriate proceeding by plaintiff. Also there is no contention but that in the absence of the waiver of the filing fees, plaintiff here will be deprived of her ability to appeal from the adverse ruling of the administrative agency. That adverse ruling of the administrative agency relates to the very fact of "indigency" which admittedly prevents plaintiff from paying the filing fee and thus gaining an appellate determination of her "indigency."

We specifically refrain from accepting plaintiff's invitation to base our holding herein on Art. I, § 18, of the Idaho Constitution. Rather, we base our decision by focusing narrowly on the specific facts of this specific case. We hold that where, as here, it is clear that a person is indigent and has been receiving public assistance by reason of that indigency status; an administrative agency decision has resulted in the termination of benefits *solely* paid by reason of indigency status; it is clear that the person is without funds or other resources and therefore clearly unable to pay the filing fee; and in the absence of the payment of that filing fee no appeal from the administrative agency decision can be had; then and in that event only are filing fees required to be waived. Art. I, § 13, Idaho Constitution.

The alternative writ heretofore issued is made permanent. No costs allowed.