747 P.2d 76

**Anita CADY, Plaintiff–Appellant,**

**and**

**Raphael D. "Bud" Cady, husband of Anita Cady, Plaintiff,**

**v.**

**ALLSTATE INSURANCE COMPANY, a corporation, Defendant–Respondent.**

**No. 16813.**

Court of Appeals of Idaho.

Dec. 7, 1987.

---

Darrel W. Aherin, Aherin, Rice & Brown, Lewiston, for plaintiff-appellant.

Robert P. Brown, Clements, Brown & McNichols, Lewiston, for defendant-respondent.

WALTERS, Chief Judge.

Raphael Cady was struck by an automobile driven by an uninsured motorist. He and his wife, Anita Cady, who witnessed the accident, filed a claim with their insurance company, Allstate Insurance. Raphael's claim was settled. A board of arbitrators denied Anita's claim. The district court denied Anita's motion for a trial *de novo* and confirmed the arbitrators' decision. Anita's appeal from the order and judgment dismissing her action presents three issues: First, does the adhesionary nature of an uninsured motorist provision in an insurance policy require that the insured be accorded a *de novo* review in district court? Second, as applied to the instant case, does the Uniform Arbitration Act unconstitutionally deny the insured access to the courts or due process? And, third, when arbitrators decide an issue not presented to them, must the district court vacate the arbitrators' decision? We hold that the district court correctly confirmed the arbitrators' decision. We affirm the judgment.

The facts may be briefly stated. Raphael "Bud" Cady and Anita Cady were on the sidewalk outside a grocery store in Orofino, Idaho, when an automobile jumped the curb. The auto knocked Bud Cady through a store window and pinned him against a wall. Bud was seriously injured. Anita

Cady, Bud's wife, witnessed the accident. Upon discovering that the driver was not insured, Bud and Anita filed a claim with their insurer, Allstate Insurance Company. Bud sought recovery for present and future medical expenses, pain and suffering, and emotional distress. Anita claimed damages for emotional distress, associated medical expenses and for loss of consortium. Their claim was not immediately paid.

The Cadys filed an action against Allstate in district court. Allstate invoked an option in the policy for binding arbitration. The Cadys did not object to this demand. Prior to the arbitration hearing, Bud Cady's claim was settled. Following a hearing, the arbitration board denied Anita Cady's claim. Anita moved in district court for a trial *de novo* and a declaration that the arbitrators' decision was null and void. The district court denied the motion and confirmed the arbitrators' decision, precipitating this appeal by Anita Cady.

## I

 We begin our analysis by noting that the record contains no indication that Anita Cady opposed or objected to Allstate's motion to compel arbitration. Apparently, she participated fully in the arbitration proceeding. The general rule is that participation in an arbitration hearing on the merits is a waiver of the right to raise the issue of arbitrability, unless preserved by a timely objection before a hearing on the merits. *See* I.C. § 7–912(a)(5); *e.g., Borg, Inc. v. Morris Middle School District No. 54,* 3 Ill.App.3d 913, 278 N.E.2d 818 (1972); *American Motorist Ins. Co. v. Llanes,* 396 Mich. 113, 240 N.W.2d 203 (1976); *Twomey v. Durkee,* 291 N.W.2d 696 (Minn.1980). *See generally* Annotation, *Participation In Arbitration Pro-*

*ceedings As Waiver Of Objections To Arbitrability,* 33 A.L.R.3d 1242 (1970). Even where no arbitration agreement exists, a party belatedly objecting to binding arbitration is estopped. *Arizona Public Service Company v. Gammons,* 21 Ariz.App. 400, 519 P.2d 1165 (1974). Hence, any assertion by Cady that arbitration should not have been compulsory, due to the adhesive nature of the contract, would be untimely.[1]

Recognizing that it is too late to challenge the agreement to arbitrate, Cady focuses upon the limited judicial review of the arbitrators' decision. She argues that because an insurance policy is a contract of adhesion, public policy entitles her at least to a *de novo* review of the arbitrators' decision.

 By statute, "[j]udicial review of arbitrators' decisions is much more limited than review of a trial." *Bingham County Commission v. Interstate Electric Co., a Division of the L.E. Myers Co.,* 105 Idaho 36, 41, 665 P.2d 1046, 1051 (1983). *See generally* Annotation, *Appealability of Judgment Confirming or Setting Aside Arbitration Award,* 7 A.L.R.3d 608 (1966). Review of the arbitrators' decision is governed and limited by I.C. § 7–912. In *Bingham County* our Supreme Court summarized the grounds for vacating an arbitrator's decision. The court said:

> [T]hose grounds are: (1) the award was procured by corruption, fraud or other undue means; (2) there was evidence of partiality by an arbitrator; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing to the prejudice of a party; and (5) there was no arbitration agreement and the party did not participate in the hearing without objecting.

---

1. We note that consideration of the validity of arbitration clauses in this context has yielded a division of authority. *See* 2 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE, ch. 23 (2d ed. 1987); *see also Annot. Uninsured Motorist—Arbitration,* 24 A.L.R.3d 1325 (1969). However, it appears our Supreme Court has rejected the argument that an arbitration clause in an automobile insurance policy is invalid. *See Hansen v. State Farm Mutual Auto-*

*mobile Insurance Co.,* 112 Idaho 663, 735 P.2d 974 (1987). *Compare Molodyh v. Truck Insurance Exchange,* 77 Or.App. 619, 714 P.2d 257, review granted 301 Or. 320, 721 P.2d 1388 (1986) (legislature may not compel arbitration in contravention of state constitutional right to jury trial). *But see Wales v. State Farm Mutual Automobile Insurance Co.,* 38 Colo.App. 360, 559 P.2d 255 (1976) (adhesive nature outweighed by public policy favoring arbitration).

105 Idaho at 42, 665 P.2d at 1052. When Cady failed to present sufficient grounds to vacate the award under I.C. § 7–912, the district judge confirmed the award. We agree. To grant *de novo* review of the arbitrators' decision would annul the purpose of arbitration. It would accomplish indirectly what Cady is estopped to do directly. Accordingly, we hold that I.C. § 7–912 establishes the limits of review in the context of uninsured motorist coverage.

## II

In the alternative, Cady argues that Idaho's Uniform Arbitration Act as applied in this instance violates her right of access to the courts by precluding a "meaningful review" of the arbitrators' decision. She bases her argument upon the lack of a record, and the arbitrators' failure to enter findings of fact or conclusions of law. She emphasizes that meaningful review is being denied in the context of an adhesionary contract. She does not argue that arbitration *per se* is unconstitutional, but only that where no record or reasoning is available for review by the district court, *de novo* review should be accorded an aggrieved party.

Cady refers us to *Graves v. Cogswell*, 97 Idaho 716, 717, 552 P.2d 224, 225 (1976), where our Supreme Court stated that "unless an appeal is provided from the decision of an administrative body to a court of law, due process has not been satisfied and is denied." Obviously, the rule from *Graves* is not directly apposite to the instant appeal since a limited review of the arbitration proceeding is provided by statute. *See* I.C. § 7–912. But Cady contends that application of the statute's limitations robs the courts of meaningful review and violates both Article I, § 18, of the Idaho Constitution (which provides that: "Courts of justice shall be open to every person....") and the due process clauses of the state and federal constitution. She asserts that it is the Uniform Arbitration Act which limits her access to the courts. We disagree.

As noted above, Cady initially could have challenged the validity of the clause in her insurance contract that permitted Allstate to require binding arbitration,[2] by opposing Allstate's motion in district court to compel arbitration. *See* I.C. § 7–902. Unfortunately, Cady failed to preserve this option. Once she participated without objection in the arbitration proceeding she must be content with the procedures established by the Uniform Arbitration Act and by the clause in the policy. The only procedural flaws asserted by Cady were the lack of a record and the arbitrators' failure to prepare written findings of fact and conclusions of law. After examining the applicable rules, discussed below, we find no denial of due process.

### A

Rule 12 of the American Arbitration Association rules—referred to in the insurance policy—provides a party with the opportunity to request a stenographer's record of the proceedings. American Arbitration Association, *Accident Claims Arbitration Rules* (1984). The requesting party is to bear the cost of this record. *Id.* Cady did not invoke this option. She asserts it is unreasonable to require one party to bear this cost, especially the one not requesting arbitration. She also suggests that she might have been unable to afford the cost.

However, the record before us reflects no motion or demand to have Allstate bear

2. The arbitration clause in the insurance contract provided:

 *Arbitration.* If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage.

or share the cost of a record. Apparently the arbitration hearing lasted only one-half day. Foregoing a stenographic record unless requested by a party is one means by which the arbitration rules minimize the cost of resolving a dispute. The arbitrators' conclusions of law and fact are not reviewable. *Bingham County Commission v. Interstate Electric Co., supra.* See note 3, *infra.* Under the provisions of I.C. § 7–912, rarely will a hearing record provide the grounds to vacate an arbitrators' award.

■ If a party wishes to take the precaution of preparing a record, we do not find it unreasonable to require that party to temporarily bear the cost. Unless the arbitration rules are read to preclude the use of an electronic recording in lieu of a personal stenographic record, this cost would be minimal. As in the judicial system, these costs may ultimately be awarded to the prevailing party. *See* I.C. § 7–910. We do not find the initial imposition of this cost upon one party sufficient to constitute a denial of due process.

### B

Cady also attacks the arbitrators' failure to provide written or oral findings of fact and conclusions of law in support of their decision. The substantive part of their decision reads simply: "The claims of Raphael Cady and Anita Cady against Allstate Insurance Company are hereby denied in their entirety." Idaho Code § 7–909 provides a party with an opportunity to request clarification of an award. Apparently Cady did not avail herself of this option either. Nonetheless, Cady asserts that supportive reasoning is necessary to a meaningful appeal to the district court.

■ The Uniform Arbitration Act requires only that "[t]he award be in writing and signed by the arbitrators joining in the award." I.C. § 7–908(a). This section of the Act does not require written findings of fact or conclusions of law. *General*

*Constr. Co. v. Hering Realty Co.,* 201 F.Supp. 487 (E.D.S.C.1962), *appeal dismissed,* 312 F.2d 538 (4th Cir.1963); *Fazio v Employers' Liability Assur. Corp.,* 347 Mass. 254, 197 N.E.2d 598 (1964); *see also Hecla Mining Co. v. Bunker Hill Co.,* 101 Idaho 557, note 1, 617 P.2d 861 (1980). *See generally* Annotation, *Necessity That Arbitrators, In Making Award, Make Specific Detailed Findings Of Fact And Conclusions Of Law,* 82 A.L.R.2d 969 (1962). The arbitrator's decision is binding upon the court both as to questions of law and fact.[3] *Bingham County Commission v. Interstate Electric Co., supra; see also Hecla Mining Co. v. Bunker Hill Co.,* 101 Idaho 557, 617 P.2d 861 (1980). As we have so often stated, we prefer that decision-makers provide an explanation of the reasoning behind a decision, to the parties in conflict. However, in light of the statutorily limited review and the strong presumption of validity accorded any result, we cannot say that arbitrators are required as a matter of law to enter findings of fact and conclusions of law.

■ Cady also contends that collectively these proceedings denied her due process and were contrary to public policy. We do not agree. As set forth above, Cady's challenge to being drawn into binding arbitration comes too late. Once there she apparently was accorded the full and fair hearing required by I.C. § 7–905. Due process does not necessarily require judicial action, but may be satisfied by fair arbitration proceedings. *Lindon City v. Engineers Constr. Co.,* 636 P.2d 1070 (Utah 1981). The arbitrators rendered a decision according to the requirements of the Uniform Arbitration Act. Cady has asserted no statutory ground for vacating the award pursuant to I.C. § 7–912, nor has she demonstrated prejudicial conduct by any arbitrator. Consistent with Idaho's public policy favoring arbitration where voluntarily entered into by the parties, *Hansen v. State Farm Mutual Automobile Insur-*

---

**3.** We note that some states have recognized a "gross error" or "plain mistake" exception to this rule. *See generally* A. WIDISS, *supra,* § 26.4(b). However, even if we were to recognize such an exception, no error of law or fact is apparent from the record presented to us on this appeal.

*ance Co.,* 112 Idaho 663, 735 P.2d 974 (1987), we hold that in the instant action no constitutional violation resulted from the arbitration proceeding or the subsequent limited form of district court review.

### III

Finally, Cady argues that the arbitrators' decision should be vacated because they exceeded their powers by deciding issues not before them. *See* I.C. § 7–912(a)(3). As noted, the arbitrators' decision reads:

"The claims of Raphael Cady and Anita Cady against Allstate Insurance Company are hereby denied in their entirety." However, Raphael Cady's claim already had been settled. Apparently, the arbitrators had been informed of this settlement prior to the arbitration hearing.

We agree with Anita Cady's assertion that the arbitrators purported to resolve claims no longer before them. However, we have been cited to no authority holding that such an error requires that the entire decision be vacated or and the matter tried *de novo.* Raphael Cady is not a party to this appeal. Apparently, the arbitrators' error had no substantive effect upon his claim.

Allstate argues that the decision is merely a "pro forma response" to the original claim and is "an error without a victim." In substance, we agree with Allstate. Cady has presented no evidence of prejudice resulting from the inclusion of her husband's name in the decision. Nor did she request correction of such an error as provided by I.C. § 7–913. We hold that she has not demonstrated sufficient grounds to vacate the arbitrators' decision.

Accordingly the district court's order confirming the arbitrators' decision, and the judgment dismissing this action, are affirmed. Costs to respondent Allstate. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.