851 P.2d 1007

**Irvin L. HUGHES, Plaintiff–Appellant,**

v.

**Evelyn J. HUGHES, Defendant–Respondent.**

**No. 20100.**

Court of Appeals of Idaho.

April 27, 1993.

Randall, Blake & Cox, Lewiston, for plaintiff-appellant. Scott M. Chapman argued.

Gregory Fitzmaurice, Grangeville, argued for defendant-respondent.

WALTERS, Chief Judge.

This divorce case presents a narrow question. The sole issue raised by the appellant is whether the magistrate erred as a matter of law in entering a divorce decree containing property division provisions from an arbitration award without making specific findings of fact as to the character and value of the property divided and as to the fairness of the property division. Like the district court on the intermediate appeal below, we conclude that the magistrate did not err. We affirm the district court's order upholding the magistrate's decree.

The appellant, Mr. Hughes, filed a complaint for divorce in October, 1990, alleging that no children had been born during the marriage but that the parties had incurred debts and acquired community real and personal property since their marital status began a few years before. He represented that the parties were attempting to arrive at a mutually satisfactory division of the property. Mrs. Hughes filed an answer and counterclaim admitting the incurrence of debts and the acquisition of property and seeking an equitable assignment of the debts and property in the event the parties did not reach any agreement.

Subsequently, the parties entered into a written stipulation pursuant to I.C. § 7–901 to submit all matters encompassed in the case for arbitration by a former district judge. The agreement provided that the arbitrator's decision would be binding on the parties and that the arbitrator's award would be confirmed by the magistrate assigned to the case, thereby reducing the award to a judgment. *See* I.C. §§ 7–914; 7–915.

Following conclusion of the arbitration proceeding, the arbitrator entered an award allocating responsibility for debts and dividing the parties' property between them. This award did not assign values to any property nor did it purport to make an equitable division of the property. Mr. Hughes immediately filed a motion with

the magistrate under I.C. § 7–912(a)(1) and (2), to vacate or to modify the award. Based upon an assertion that the arbitrator had failed to determine the values of the property or to make a fair division of the debts and property between the parties, he requested that a new arbitrator be appointed to hold a de novo hearing, or in the alternative that the magistrate modify the award after the taking of evidence to ascertain values, description of the property and the basis upon which the award should be made. He later supplemented his motion to include a claim that the arbitration agreement was invalid under I.C. § 7–912(a)(5). Mrs. Hughes countered with a motion for an order confirming the award and for entry of judgment based upon the arbitration agreement.

After hearing testimony and arguments with respect to the pending motions, the magistrate entered an order denying Mr. Hughes' claims and entered a divorce decree dividing the property and assigning the debts as awarded by the arbitrator. The magistrate's order and the decree of divorce were affirmed by the district court on appeal.

With respect to the division of property in a divorce action, I.C. § 32–712 provides that

In case of divorce by the decree of a court of competent jurisdiction, the community property and the homestead must be assigned as follows:

1. The community property must be assigned by the court in such proportions as the court, from all the facts of the case and the condition of the parties, deems just, with due consideration of the following factors:

(a) Unless there are compelling reasons otherwise, there shall be a substantially equal division in value, considering debts, between the spouses.

(b) [List of factors which may bear upon whether a division shall be equal, or the manner of division]. . . .

Case law has established that, to properly reach a conclusion with regard to the assignment of property between the spouses

in a divorce action, the trial court should make specific findings concerning the character and value of the property to assure that substantial equality has been achieved, or to disclose the reasons or basis for dividing the property between the parties in a fashion that diverges from equality. *See, e.g., Simplot v. Simplot,* 96 Idaho 239, 526 P.2d 844 (1974); *Campbell v. Campbell,* 120 Idaho 394, 816 P.2d 350 (Ct.App.1991); *Brooks v. Brooks,* 119 Idaho 275, 805 P.2d 481 (Ct.App.1990); *Cummings v. Cummings,* 115 Idaho 186, 765 P.2d 697 (Ct. App.1988); *Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App. 1984); *compare, Le Vine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452 (1985) (rejecting argument that magistrate erred by failing to make specific value findings as to items of community property allocated to each spouse upon division of property resulting from agreement between the parties); ANNOT. *Necessity that Divorce Court Value Property Before Distributing It,* 51 ALR 4th 11, § 12 at 43–45 (1987) (reviewing Idaho decisions).

The instant case poses the question whether the foregoing principles apply when the distribution of spouses' propert occurs as a result of an arbitration proceeding. We conclude that they do not.

■ Arbitration is an accepted method of settling differences through investigation and determination, by one or more unofficial persons selected for the purpose, of some disputed matter submitted to them by the contending parties for decision and award, in lieu of a judicial proceeding. 5 AM.JUR.2D *Arbitration and Award* § 1 (1962). The object of arbitration is the final disposition of differences between parties in a faster, less expensive, more expeditious, and perhaps less formal manner than is available in ordinary court proceedings. *Id.* The Uniform Arbitration Act does not require written findings of fact or conclusions of law with reference to the entry of an arbitration award. *Cady v. Allstate Ins. Co.,* 113 Idaho 667, 747 P.2d 76 (Ct.App.1987). The arbitrator's decision is binding upon the court both as to questions of law and fact. *Bingham County*

*Commission v. Interstate Electric Co.,* 105 Idaho 36, 665 P.2d 1046 (1983).

Once the arbitrator has arrived at an award, judicial review of the award or of the proceedings conducted by the arbitrator is distinctly limited.

An inquiry by a district court is limited to an examination of the award to discern if any of the grounds for relief stated in the Uniform Arbitration Act exist. Under I.C. § 7–912 those grounds are: (1) the award was procured by corruption, fraud or other undue means; (2) there was evidence of partiality by an arbitrator; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing to the prejudice of a party; and (5) there was no arbitration agreement and the party did not participate in the hearing without objecting.

105 Idaho at 42, 665 P.2d at 1052.

■ Here, the appellant did not present sufficient grounds to the magistrate to permit vacation of the award under I.C. § 7–912. It was not within the magistrate's scope of review to interject his determinations as to values and division of property into the decision made by the arbitrator. As stated in *Cady:* "To grant *de novo* review of the arbitrators' decision would annul the purpose of arbitration. It would accomplish indirectly what Cady is estopped to do directly." 113 Idaho at 670, 747 P.2d at 79. Having chosen to submit the property division question to an arbitrator for resolution, the parties limited their recourse for judicial review. As our Supreme Court noted in *Hecla Min. Co. v. Bunker Hill Co.,* 101 Idaho 557, 617 P.2d 861 (1980):

The essential nature of arbitration is that the parties, by consensual agreement, have decided to substitute the final and binding judgment of an impartial entity conversant with the business world for the judgment of the courts. They seek to avoid the cost, both in time and money, of formal judicial dispute resolution. But when the parties bargain for the binding decision of an arbitrator, they necessarily accept the fact that his interpretation of the facts, the law, and

the equities of the situation may not be entirely satisfactory to them....

"Arbitration may or may not be a desirable substitute for trial in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery." *American Almond Products Co. v. Consolidated Pecan Sales Co.*, 144 F.2d 448, 451 (2d Cir.1944).

101 Idaho at 562, 617 P.2d at 866.

Given the nature of the statutorily prescribed arbitration submission and review proceedings, we hold that the magistrate did not err in entering the decree of divorce in this case by confirming the award arrived at by the arbitration officer without stating the values of property assigned to the spouses and without specifying whether relative equality of division resulted.

The order appealed from is affirmed. Costs to respondent; no attorney fees are awarded.

SWANSTROM, J., and CAREY, J., pro tem., concur.