80 P.3d 1024

Arthur A. **DRIVER** and Constance Driver, husband and wife, Plaintiffs–Respondents,

v.

**SI CORPORATION**, a Delaware corporation, formerly known as Synthetic Industries, Inc., a Delaware corporation, Defendant–Appellant.

Arthur A. and Constance J. Driver, husband and wife, Plaintiffs–Appellants,

v.

SI Corporation, a Delaware corporation, formerly known as Synthetic Industries, Inc., a Delaware corporation, Defendant–Respondent.

Nos. 28258, 28921.

Supreme Court of Idaho, Boise, May 2003 Term.

Nov. 13, 2003.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, · for appellant SI Corp. Larry C. Hunter argued.

Clark & Feeney, Lewiston, for respondent Drivers. Ronald T. Blewett argued.

SCHROEDER, Justice.

This is an appeal from a district court judgment confirming an arbitration award. The dispute arises from claims made against an escrow fund used in the sale of a company

owned by Arthur and Constance Driver (Drivers) called BonTerra America, Inc. (BonTerra) to SI Corporation (SI), formerly known as Synthetic Industries, Inc.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Arthur Driver, through BonTerra, developed and marketed erosion control products made primarily from biodegradable plastics. BonTerra owned a manufacturing plant in Genesee, Idaho. SI is a Delaware corporation and manufactures various erosion control products made from synthetic materials. SI considers BonTerra's products to be complimentary to their product line. SI's Board of Directors approved plans to acquire BonTerra in 1998 and representatives approached the Drivers with an offer. The Drivers, together with the two minority shareholders of BonTerra, agreed to sell the stock of BonTerra to SI.

A Purchase Agreement was executed on May 18, 1999. The Purchase Agreement referred to an Escrow Fund against which SI could make claims in the event that accounts receivable were not collected, inventory was not "useable and saleable in the Ordinary Course of Business," or OSHA violations and fines were not resolved or paid. The Escrow Agreement provided that claims for escrow funds could be made for any material breach of the Purchase Agreement. Under the terms of the Escrow Agreement, SI was to deposit $250,000 with a third party, Latah County Closing and Escrow, LLC. The escrow funds would be returned to the Drivers after a certain period as part of the purchase price, minus any successful claims on the escrow fund due to material breaches of the Purchase Agreement. Arthur Driver and SI entered into a separate Employment Agreement in conjunction with the sale, providing that Arthur Driver "shall be the Manager of Manufacturing Operations for BonTerra America, Inc."

SI submitted multiple claims against the escrow account on December 23, 1999, and March 10, 2000. The Drivers disputed SI's claims involving two accounts receivable, items of inventory, dust abatement modification relevant to OSHA violations, and a tax issue. The parties agreed to submit the dispute to binding arbitration as required by the Escrow Agreement's dispute resolution clause.

The arbitration proceeding lasted seven days, during which 21 witnesses testified, and seven depositions and 292 exhibits were admitted. The arbitrator issued an award on July 11, 2001, in which he allowed only one claim against the escrow—the claim for sales/use tax. The remaining claims were denied by the arbitrator or resolved between the parties before the end of arbitration. The arbitrator awarded the Drivers attorney fees and costs, and found that SI must pay the administrative fees and expenses of the American Arbitration Association and the compensation and expenses of the arbitrator. Finally, the arbitrator assessed $1,150,000.00 in punitive damages against SI, based on his finding that SI did not act in good faith in making its claims against the escrow fund.

The Drivers filed an Application and Motion for Confirmation of Arbitration Award on August 6, 2001, in district court. SI filed a response opposing the confirmation and concurrently moved to vacate the arbitration award on August 24, 2001. SI did not file a memorandum in support of its motion to vacate until November 23, 2001, because a transcript of the arbitration had not been prepared. The Drivers moved to strike the motion to vacate, contending that the motion to vacate without a supporting brief was untimely. The district court held that the motion to vacate was timely but confirmed the arbitration award, holding that the arbitrator did not exceed his powers by considering evidence outside the Escrow Agreement; did not apply an incorrect standard for determining punitive damages; did not exceed his powers in finding that SI drafted the contract; and did not make unreasonable interpretations of the contract. The district court also held that it was not proper to review the arbitrator's decision under a substantial evidence test. Subsequently, the district court granted costs to the Drivers but denied the Drivers attorney fees, finding that the court had no statutory authority to award fees

incurred in a proceeding to confirm an arbitration award.

Both parties appeal. SI argues that the arbitrator exceeded his powers in making the award by considering evidence outside of the escrow agreement, including evidence regarding the employment agreement by applying an improper standard for determining punitive damages by unreasonably interpreting the contract, and unreasonably awarding punitive damages. The Drivers argue that the district court should not have entertained SI's request to vacate the arbitration award, because the request was not made within the 90–day time limit. Additionally, the Drivers appeal the denial of their request for attorney fees incurred at the district court proceeding and request attorney fees on appeal.

## II.

### STANDARD OF REVIEW

■ Judicial review of the decision of an arbitrator under the Uniform Arbitration Act (UAA) is limited. *Chicoine v. Bignall*, 127 Idaho 225, 227, 899 P.2d 438, 440 (1995). The arbitrator's decision is binding on the reviewing court both as to questions of law and fact. *Hughes v. Hughes*, 123 Idaho 711, 713, 851 P.2d 1007, 1009 (Ct.App.1993). Even where a reviewing court might consider some of the arbitrator's rulings on questions of law to be error, the arbitrator's decision is nevertheless binding on the reviewing court. *Bingham County Comm'n v. Interstate Electric Co.*, 105 Idaho 36, 42 n. 7, 665 P.2d 1046, 1052 n. 7 (1983). As this Court stated in *Hecla Mining Co. v. Bunker Hill Co.*, 101 Idaho 557, 617 P.2d 861 (1980):

> The essential nature of arbitration is that the parties, by consensual agreement, have decided to substitute the final and binding judgment of an impartial entity conversant with the business world for the judgment of the courts. They seek to avoid the cost, in both time and money, of formal judicial dispute resolution. But when the parties bargain for the binding decision of an arbitrator, they necessarily accept the fact that his interpretation of the facts, the law, and the equities of the situation may not be entirely satisfactory to them.

*Id.* at 562, 617 P.2d at 866. The limited review exercised by this Court when asked to confirm or vacate an arbitrator's award was set forth in *Bingham*:

> An inquiry by a district court is limited to an examination of the award to discern if any of the grounds for relief stated in the Uniform Arbitration Act exist. Under I.C. § 7–912 those grounds are: (1) the award was procured by corruption, fraud or other undue means; (2) there was evidence of partiality by an arbitrator; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing to the prejudice of a party; and (5) there was no arbitration agreement and the party did not participate in the hearing without objecting.

105 Idaho at 42, 665 P.2d at 1052.

## III.

### SI DID NOT FILE A PROPER MOTION TO VACATE OR MODIFY THE ARBITRATION AWARD AND PROPERLY URGE GROUNDS TO SET THE AWARD ASIDE WITHIN 90 DAYS OF ITS ENTRY AS REQUIRED BY I.C. § 7–911 AND I.C. § 7–912

The Drivers maintain SI did not comply with the requirement under I.C. §§ 7–911 and 7–912 that grounds for vacating an award must be "urged" to the district court within 90 days of the entry of the award. Further, they argue that SI did not comply with I.R.C.P. 7(b)(1)'s requirement that grounds for motions be fairly stated, as the grounds for this motion were set forth after the time for filing the motion had expired, citing *Nanney v. Linella, Inc.*, 130 Idaho 477, 943 P.2d 67 (Ct.App.1997).

SI maintains that under I.A.R. 11(g) the Drivers may not appeal the district court's refusal to strike Appellant's Brief without filing a cross-appeal, and that in any event its action was timely under I.C. §§ 7–912 and 7–913. The arbitration award was effective July 11, 2001, and SI filed a motion to vacate or modify the arbitrator's award pursuant to these code sections. The brief in support was not filed until after the 90–day limit, but

it asserts that the motion satisfied the statutory time requirement.

## A. Standard of Review

This issue comes to the Court on review of a district court's denial of the Drivers' motion to strike SI's motion to vacate or modify the arbitration award. The district court's decision was based on an interpretation of the specificity and timing required for an application. Idaho Code §§ 7–911 and 7–912 require that grounds for vacating an award must be "urged" to the district court within 90 days of the entry of the award. I.R.C.P. 7(b)(1)'s requires that grounds for motions be fairly stated.

## B. The challenge to timeliness may be made without filing a cross-appeal.

 SI maintains that the Drivers may not appeal the district court's refusal to strike their brief without filing a cross-appeal pursuant to I.A.R. 11(g). They also argue that while their brief in support was not filed until after the 90–day limit, the motion was timely filed, and that alone is sufficient to satisfy the statutory time requirement.

Rule 11 of the Idaho Appellate Rules provides in relevant part:

(g) Cross-appeals and Additional Issues on Appeal.—After an appeal has been filed from a judgment or order specified above in this rule, a timely cross-appeal may be filed from any interlocutory or final judgment, order or decree. If no affirmative relief is sought by way of reversal, vacation or modification of the judgment, order or decree, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal.

I.A.R. 11(g). This Court has made clear that a "cross-appeal is required only when the respondent seeks to change or add to the relief afforded below, but not when it merely seeks to sustain a judgment for reasons presented at trial which were not relied upon by the trial judge but should have been." *Walker v. Shoshone County,* 112 Idaho 991, 993, 739 P.2d 290, 292 (1987). The Drivers do not seek to add to the relief granted in the district court. They seek to sustain the

judgment for a reason presented to the district court but rejected by that court. They properly presented this issue in their responding brief as an additional issue on appeal. They need not present the issue as a cross-appeal for it to be considered.

## C. The application to vacate the arbitration award lacked sufficient specificity.

 At issue is whether SI filed a sufficient "application" within the 90–day time limit set forth under I.C. §§ 7–912 and 7–913. The interpretation of a statute is an issue of law over which this Court exercises free review. *Idaho Fair Share v. Idaho Public Utilities Comm'n,* 113 Idaho 959, 961–62, 751 P.2d 107, 109–10 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 820 P.2d 1206 (1991). When interpreting a statute, the primary function of the Court is to determine and give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990). Such intent should be derived from a reading of the whole act at issue. *Id.* at 539, 797 P.2d at 1387–88. If the statutory language is unambiguous, "the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County,* 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). The plain meaning of a statute therefore will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *George W. Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388.

 SI did not satisfy the 90–day statutory deadline. Section 7–912 states, "Upon application of a party, the court shall vacate an award where: [five grounds listed]." I.C. § 7–912(a). It further states that "[a]n application under this section shall be made within ninety (90) days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known." I.C.

§ 7–912(b). Idaho Code section 7–913 is materially the same. The 90–day time limitation under I.C. § 7–912 must be strictly construed, and acts as an absolute bar to a motion to vacate that fails to meet the time requirement. *Bingham,* 105 Idaho at 39, 665 P.2d at 1049. In this case the arbitration award was effective July 11, 2001. SI filed a motion to vacate or modify the arbitrator's award on August 24, 2001, well within the 90–day time limitation. While SI filed the motion "pursuant to Idaho Code Section 7–912," it did not identify any specific ground listed in the statute for vacating the award. SI noted in its motion to vacate that supporting briefs for the motion should follow before the 90–day deadline, acknowledging some degree of potential delay due to the fact that the arbitration transcript was not yet available.[1] SI received the complete arbitration transcripts on October 31, 2001,[2] and filed its brief in support of its motion to vacate on November 23, 2001—forty-five days after the 90–day period had ended. In the brief SI cited I.C. § 7–912(3) and I.C. § 7–913(1) and (2) as the grounds justifying the request to vacate or modify the award.

 As noted, the 90–day time limitation under I.C. § 7–912 must be strictly construed. *Bingham,* 105 Idaho at 39, 665 P.2d at 1049. In *Bingham* the Court held that a motion to vacate was untimely where a party "did not raise the ground" for the motion to vacate until after the 90–day deadline had passed. *Id.* at 39, 665 P.2d at 1049. It was not addressing the precise issue in this case, but by implication held that the specific grounds for a motion to vacate must be made prior to the passing of the 90–day deadline.

I.C. § 7–912 requires an "application" within the 90–day time period and states that upon receipt of the application, the court shall vacate the award where one of the five grounds listed in the statute is present. I.C. § 7–912. A court could not act on the application under the terms of the statute unless the application alleged specific grounds on which to vacate. To support this interpretation, the preceding section states, "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed *grounds are urged* for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 7–912 and 7–913, Idaho Code." I.C. § 7–911 (emphasis added). Finally, Rule 7(b)(1) of the Idaho Rules of Civil Procedure requires that an "application to the court for an order shall be by motion which ... shall state with particularity the grounds therefore including the number of the applicable civil rule...." I.R.C.P. 7(b)(1). Taking these provisions together, an application filed under I.C. §§ 7–912 and 7–913 must identify the specific grounds upon which the court should vacate or modify the arbitration award within the 90–day time limit.

The lack of a transcript does not excuse the requirement for specificity in this case. The arbitration award itself is the basis for the claimed grounds of "exceeding his powers." Those grounds should have been apparent upon receipt of the award itself, and no delay should be allowed to accommodate receipt of the arbitration transcripts or any other documents. *See Blitz v. Beth Isaac Adas Israel Congregation,* 115 Md.App. 460, 694 A.2d 107, 122 (1997) ("the contention

---

1. SI states in its motion to vacate or modify the arbitration award:

 This motion is supported by the memorandum to be filed in support hereof which details the nature of the errors made by the arbitrator and by affidavits, including affidavits attaching excerpts from the transcript of the proceedings. As the transcript is still being prepared, it is not possible to indicate when the record before this court will be augmented by the briefing, transcript and affidavits. However, it should be before the end of the 90–day period indicated under Idaho Code Sections 7–912 and 7–913, which would be October 9, 2001.

2. Gloria McDougall, the owner of the reporting company hired to produce transcripts for the

arbitration, states in an affidavit attached to SI's response to the motion to strike that (1) SI requested a copy of the transcripts on July 20, 2001; (2) the reporting firm underwent many "difficulties and setbacks" in trying to get the hearing transcribed; (3) four different reporters had worked on the transcript with two reporters quitting and another becoming seriously ill; (4) there was a delay in getting a complete set of the hearing exhibits as the Drivers' counsel would not provide theirs and defense counsel from Georgia had to send his; and (5) for these reasons a complete set of transcripts was not sent out from her office until October 29, 2001.

here that the arbitrators exceeded their powers was ascertainable immediately upon the issue of the award, and did not depend upon events subsequent to the award"), *overruled on other grounds by Blitz v. Beth Isaac Adas Israel Congregation*, 352 Md. 31, 720 A.2d 912 (1998). In fact SI's brief filed in support of its motion to vacate or modify contains no references to the arbitration transcript.

## IV.

## THE DISTRICT COURT MAY CONSIDER AN AWARD OF ATTORNEY FEES

■ The Drivers argue that the district court erred in holding that he had no statutory authority to award attorney fees incurred in district court proceeding to confirm an arbitration award. The Drivers assert that the district court does have such authority under I.C. §§ 12–120(3) and 12–121 as well as under the terms of the UAA. The interpretation of these statutes is an issue of law over which this Court exercises free review.

■ It is not clear on the face of I.C. §§ 12–120(3) and 12–121 whether a proceeding to confirm an arbitration award is a "civil action" as contemplated by those statutes. Where statutes are ambiguous, the Court employs relevant rules of statutory construction, beginning with the literal words of statute, giving the language of the statute its plain, obvious, and rational meanings. *Wolfe v. Farm Bureau Ins. Serv. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996). Section 12–120(3) states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

I.C. § 12–120(3). Section 12–121 states that this Court may award attorney fees to the prevailing party "in any civil action." Rule 3(a) of the Idaho Rules of Civil Procedure states, "A civil action is commenced by the filing of a complaint with the court which may be denominated as a complaint, petition or application. . . ." This Court has explained that for an action to be a civil action within the meaning of Rule 3(a) and I.C. § 12–121, it must be "commenced" by the filing of a "complaint." *See Northwest Pipeline Corp. v. State, Dep't of Employment*, 129 Idaho 548, 550–51, 928 P.2d 898, 900–01 (1996); *Lowery v. Board of County Comm'rs*, 117 Idaho 1079, 1081–82, 793 P.2d 1251, 1253–54 (1990). Therefore, no matter what the characterization of the action, it appears that it must commence by a filing having the characteristics of a complaint for these provisions to apply. It is however, not necessary to decide the applicability of §§ 12–120(3) and 12–121, because attorney fees are awardable through I.C. § 7–914.

I.C. § 7–914 specifically addresses arbitration confirmation proceedings. *See Owen v. Burcham*, 100 Idaho 441, 444, 599 P.2d 1012, 1015 (1979) ("where both a general statute and a special or specific statute deal with the same subject matter, the provisions of the special or specific statute will control those of the general statute"). Section 7–914 states that once an order confirming or denying an award is entered, "[c]osts of the application and of the proceedings subsequent thereto, and *disbursements* may be awarded by the court." I.C. § 7–914 (emphasis added). Whether the term "disbursements" in I.C. § 7–914 includes attorney fees is not clear on its face. The UAA provides that it "shall be construed as to effectuate its general purpose to make uniform the law of those states which enact it." I.C. § 7–921. Of those courts addressing this precise issue, the majority construe "disbursements" to include attorney fees. *See Blitz v. Beth Isaac Adas Israel Congregation*, 352 Md. 31, 720 A.2d 912, 916–17 (1998); *Canon Sch. Dist. v. W.E.S. Constr. Co.*, 180 Ariz. 148, 882 P.2d 1274, 1279 (Ariz.1994); *County of Clark v. Blanchard Constr. Co.*, 98 Nev. 488, 653 P.2d 1217, 1220 (1982); *Wachtel v. Shoney's Inc.*, 830 S.W.2d 905, 909 (Tenn.App.1991); *Anchorage Med. & Surgical Clinic v. James*, 555 P.2d 1320 (Alaska 1976), *overruled on other grounds by Ahtna, Inc. v. Ebasco Constructors, Inc.*, 894 P.2d 657 (Alaska 1995);

**430**

*Stein v. Feldmann,* 85 Ill.App.3d 973, 41 Ill.Dec. 270, 407 N.E.2d 768, 769 (1980): *But see Terra West Towne Homes, L.L.C. v. STU Henkel Realty,* 298 Mont. 344, 996 P.2d 866, 873 (2000); *Floors, Inc. v. B.G. Danis of New England, Inc.,* 380 Mass. 91, 401 N.E.2d 839, 844 (1980).

■ The purpose of the UAA is "to afford the opportunity to reach a final disposition of differences between parties in an easier, more expeditious manner than by litigation." *MSP Collaborative Developers v. Fid. & Deposit Co. of Maryland,* 596 F.2d 247, 250 (7th Cir.1979): *See also Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752,* 989 F.2d 1077, 1084 (9th Cir. 1993) (noting that one of the central purposes of arbitration is to achieve speedy and fair resolutions of disputes). As the Supreme Court of Arizona noted, interpreting the term "disbursements" to include attorney fees "promote[s] the public policy of encouraging early payment of valid arbitration awards and the discouragement of nonmeritorious protracted confirmation challenges." *Canon Sch. Dist.,* 882 P.2d at 1279. Such an interpretation is in line with the purposes of the UAA and of arbitration generally.

Some aspects of the UAA also encourage an interpretation that attorney fees are not allowed. Section 7–910 states, "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees,* incurred in the conduct of the arbitration, shall be paid as provided in the award." I.C. § 7–910 (emphasis added). However, this section only applies to fees "incurred in the conduct of the arbitration," not the proceedings to confirm the arbitration award. Considering the very limited scope of challenges to an arbitration award the limitation of section 7–910 should not be extended beyond its express terms. Otherwise the party successful in arbitration will be deprived of the full benefits of that award.

### V.

### THE DRIVERS ARE ENTITLED TO ATTORNEY FEES ON APPEAL

■ Idaho Code § 7–914 of the UAA provides, "Costs of the application and of the proceedings *subsequent thereto,* and disbursements may be awarded by the court." I.C. 7–914 (emphasis added). Attorney fees on appeal are awardable in the Court's discretion. The Court exercises its discretion to award those fees. The appeal challenged the award on grounds beyond the scope permitted by statute. The Drivers should not and will not be deprived of the full benefits of the award by an ill-founded appeal.

### VI.

### CONCLUSION

The arbitration award is confirmed. Attorney fees are awardable to the Drivers in the discretion of the district court for fees incurred in the district court proceeding. The case is remanded to the district court for a determination on the issue of attorney fees. The Drivers are awarded costs and attorney fees on appeal.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.