137 P.3d 1021

**Mark MUMFORD, Plaintiff–Appellant,**

v.

**Cynthia L. MILLER and Janice L. Smith–Hill, as individuals, and Miller, Smith–Hill & Associates, Defendants–Respondents.**

No. 32061.

Supreme Court of Idaho,
Boise, May 2006 Term.

May 25, 2006.

Mabbutt & Mumford, Moscow, for appellant. Mark Mumford argued.

Miller, Smith–Hill & Associates, Moscow, for respondents.

JONES, Justice.

After being denied attorney fees in arbitration, the appellant sought relief in district court. The district judge declined to make an award of attorney fees and we affirm his order.

## I.

Respondents Cynthia L. Miller and Janice L. Smith–Hill operated a law firm in Moscow, Idaho. Appellant Mark Mumford contracted with the Miller, Smith–Hill law firm in March 2002.[1] Under the contract, Mumford would provide legal services to the

---

1. The contract's effective date was December 1, 2001.

firm's clients as an independent contractor. In return for assigning his fees for services to the law firm, the contract provided that the firm would pay Mumford sixty percent of the fees attributable to his services. The contract was for a period of two years, and would renew automatically. Either party could terminate it upon ninety days' written notice to the other party. In May 2003, Miller and Smith–Hill announced that they were terminating their independent contractor agreements, including Mumford's, effective immediately. Mumford left the Miller, Smith–Hill firm at the end of May and established a practice with another attorney.

Mumford sued the Miller, Smith–Hill law firm and Miller and Smith–Hill as individuals, alleging the firm breached the contract by violating the terms of the contract relating to termination and by failing to pay him certain amounts due him under the contract for 2002 and 2003.[2] The contract provided that any disputes between the parties relating to the contract were to be resolved through arbitration. Miller, Smith–Hill requested arbitration and the district court appointed an arbitrator. After two arbitration sessions, the arbitrator issued a written decision in November 2004. Relevant to this case, the arbitrator found that Mumford had been damaged in the amount of about $940 by Miller, Smith–Hill's breach of the ninety-day termination provision. The arbitrator further found that the balance owed Mumford for his services was about $10,000. This sum was for services rendered during 2002 and 2003. After applying certain offsets in the firm's favor, the arbitrator fixed Mumford's net award at about $5,800.

The contract provided for an award of attorney fees to the prevailing party in the event of any legal action or arbitration proceeding to enforce the contract or to recover for its breach. Mumford requested attorney fees but the arbitrator declined to award them, basing his decision on both factual and legal grounds. The arbitrator determined that as to the breach of the termination provision, Mumford was the prevailing party. But, the arbitrator said, "[t]he most that

could reasonably have been awarded as attorneys' fees considering these amounts [$940] would have been one-half of the amounts recovered." The arbitrator declined to award fees for the breach on legal grounds, also. With regard to the amounts due for services performed in 2002 and 2003, the arbitrator noted it would have been necessary to "determine who owed what and to whom", even without the breach, and apparently characterized the determination of those amounts as an "accounting." Thus, Mumford did not qualify as a prevailing party who could claim attorney fees for the settlement of amounts due for services.

In February 2005, Mumford filed a motion in district court to confirm part of the award, modify other parts of it, and vacate or reverse other parts of it. The motion to vacate was denied, and the court allowed the parties to "make application to the [district c]ourt to submit to the Arbitrator the parties' Motions to Modify or Correct the Award." This appeal followed.

## II.

■ Idaho's Uniform Arbitration Act makes clear that courts possess very limited authority to review arbitration decisions. "Review of an arbitrator's award is limited to whether any of the grounds for relief stated in the Idaho Uniform Arbitration Act (UAA) exists. Idaho Code § 7–912 (2004)." *Moore v. Omnicare, Inc.,* 141 Idaho 809, 814, 118 P.3d 141, 147 (2005). Further, "An arbitrator's rulings on questions of law and fact are binding, even where erroneous, unless one of the enumerated statutory grounds is present." *Id.* at 815, 118 P.3d at 148. The enumerated ground under the UAA upon which Mumford relies is I.C. § 7–912(a)(3), which allows an award to be vacated where the arbitrator exceeded his powers.

■ Mumford understands the limited nature of review of an arbitration award so, instead of characterizing his complaints as challenges to the arbitrator's factual and legal rulings, he asserts that the arbitrator exceeded his powers by failing to award him

2. Mumford also alleged breach of the contract's covenant of good faith and fair dealing, tortious

bad faith, tortious interference, and defamation. These claims are not at issue in this appeal.

attorney fees. Mumford argues that the arbitrator effectively disregarded a non-discretionary directive in the contract in declining to make a fee award. Arbitrators are, of course, not free to disregard the terms of the contracts they are reviewing—their powers derive from the parties' agreement. *Moore,* 141 Idaho at 816, 118 P.3d at 148.

■ Normally, courts interpret the provision relating to exceeding of the arbitrator's powers to mean that the arbitrator considered an issue not submitted, or that he exceeded the bounds of the contract between the parties. *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983). So, for instance, where the arbitrator awarded fees although the contract provided that each party bear its own fees, the award exceeded the arbitrator's authority and was vacated. *Moore,* 141 Idaho at 816–17, 118 P.3d at 148–49. The parties here clearly submitted all issues—including attorney fees—for resolution by the arbitrator. Such submission necessarily contemplates that the arbitrator will have to exercise the factual and legal judgment that the parties bargained for when they agreed that disputes concerning their contract would be submitted to an arbitrator. Based on what the parties asked him to do, the arbitrator had to determine whether a party was a prevailing party and, if so, whether that party was eligible for fees under the governing law. Both questions are undoubtedly ones requiring judgment about facts and law. *See, e.g.,* Idaho R. Civ. P. 54(d)(1)(B); *Eighteen Mile Ranch LLC v. Nord Excavating,* 141 Idaho 716, 718–19, 117 P.3d 130, 132–33 (2005). Because of Mumford's impassioned plea for attorney fees, the arbitrator devoted two pages of his award decision to consideration of the factual and legal issues pertaining to attorney fees, as he saw them. We will not review the propriety of his factual determinations or the correctness of his determinations regarding applicable Idaho law. Where the parties clearly submitted the issue of attorney fees for decision and where the arbitrator determined the issue, he did not exceed his powers. Therefore, relief is unavailable to Mumford under the UAA.

### III.

Respondents seek sanctions on appeal. They assert Mumford filed his appeal before a final order or judgment issued, failed to follow the appellate rules, and that his appeal is frivolous. However, Miller, Smith–Hill has offered no supporting argument or authority for their claim that Mumford's appeal is not from a final order or that he did not follow the appellate rules. The order denied Mumford's motion to vacate the arbitrator's ruling and gave the parties 45 days to "make application to the [district c]ourt to submit to the Arbitrator the parties' Motions to Modify or Correct the Award." The record does not indicate that either party "made application to the [district c]ourt to submit to the Arbitrator the parties' Motions to Modify or Correct the Award." Neither does it appear that Miller, Smith–Hill moved to dismiss the appeal. There is no ground for the imposition of sanctions.

■ Miller, Smith–Hill has also requested an award of attorney fees pursuant to I.C. § 12–121. The request is limited to fees incurred for work done on the appeal by another firm, Owen, James, Vernon & Weeks, P.A. As we have discussed, Mumford's arguments amount to a disagreement with the arbitrator's factual findings and legal conclusions. This Court's precedents clearly and repeatedly hold that the grounds upon which a court may review an arbitrator's decision are narrow and specifically delineated, and complaints about factual and legal rulings are not among them. Because the law is well settled, the respondents are entitled to attorney fees under I.C. § 12–121. *See Burns v. Baldwin,* 138 Idaho 480, 487, 65 P.3d 502, 509 (2003). The fees will be limited to those incurred for work on the appeal by the Owen, James firm.

The order of the district court is affirmed. Costs to the respondents.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.