188 P.3d 864

Pieter DEELSTRA, Plaintiff–Appellant,

v.

Steven HAGLER and Jane Doe Hagler, husband and wife, Defendants–Respondents.

No. 34265.

Supreme Court of Idaho, Boise, May 2008 Term.

June 9, 2008.

DeHaan & Associates, Twin Falls, for appellant. Harry C. DeHaan, VI argued.

Jeffrey J. Hepworth, P.A. & Associates, Twin Falls, for respondents. William R. Hollifield argued.

J. JONES, J.

Pieter Deelstra appeals the award of attorney fees against him and in favor of Steven Hagler for a case that was ultimately determined in arbitration. We affirm the fee award for court proceedings that preceded and followed the arbitration, but reverse the award with respect to fees incurred in the arbitration proceedings.

**I.**

In October of 2005, Pieter Deelstra filed a breach of contract action against Steve Hagler.[1] The district court scheduled the matter for a 3–day trial in March of 2006. Prior to the trial date, the parties agreed to vacate the trial and resolve the matter through binding arbitration. An arbitrator conducted the arbitration in February 2007 and issued a decision on March 5, 2007. The arbitrator determined that Hagler did not breach the contract and that Deelstra was therefore not entitled to damages. The arbitrator declined to award attorney fees to either party, saying, "Despite the arbitrator's request, the parties have never submitted to me a written agreement or stipulation concerning the

---

1. Both parties requested attorney fees in their initial pleadings pursuant to I.C. §§ 12–120 and 12–121, and Idaho R. Civ. P. 54(d)(1) and 54(e)(1).

scope of this arbitration."[2] The arbitrator cited Idaho Code § 7–910 and this Court's reading of that statute in *Bingham County Comm'n. v. Interstate Elec. Co.,* 105 Idaho 36, 665 P.2d 1046 (1983) (under I.C. § 7–910 an arbitrator has no power to award attorney fees absent a contractual agreement to do so).

Based on the arbitrator's award, Hagler moved the district court for an order dismissing the complaint. He also requested attorney fees for pre-arbitration, arbitration, and post-arbitration proceedings. Deelstra filed a timely objection, arguing, among other things, that the fee award constituted an impermissible modification of the arbitrator's decision. Nevertheless, the district court dismissed the complaint and awarded fees to Hagler, stating:

> The plaintiff initiated a civil action in which the prevailing party would be entitled to an award of attorney fees pursuant to I.C. § 12–120(3) based on a commercial transaction; the parties during the course of the civil action sought to resolve the contested issues through the use of an arbitrator as opposed to a jury trial. The civil action had not been dismissed prior to the arbitrator's decision, and had merely been postponed until the conclusion of the arbitration. Under the circumstances the defendant as a prevailing party is entitled to an award of attorney fees pursuant to section 12–120(3) by this court.

Deelstra appealed.

## II.

We need only address whether the district court improperly modified the arbitration award by granting Hagler's fee request for the entire proceeding.

### A.

■ Deelstra does not challenge the district court's prevailing party determination,

nor the amount of the fee award. Rather, he challenges the propriety of the award under Idaho law pertaining to arbitration. Courts possess very limited authority to review arbitration awards under Idaho's Uniform Arbitration Act. I.C. §§ 7–901–922; *Mumford v. Miller,* 143 Idaho 99, 100, 137 P.3d 1021, 1022 (2006). The arbitrator's decision is binding on the reviewing court both as to questions of law and fact. *Driver v. SI Corp.,* 139 Idaho 423, 426, 80 P.3d 1024, 1027 (2003). Even where a reviewing court might consider some of the arbitrator's rulings on questions of law to be error, the arbitrator's decision is nevertheless binding on the reviewing court. *Id.* An inquiry by a district court is limited to an examination of the award to discern if any of the grounds for relief stated in the Uniform Arbitration Act exist. *Id.* "When reviewing a district court's decision to vacate or modify an award of an arbitration panel this Court employs virtually the same standard of review as that of the district court when ruling on the petition." *Moore v. Omnicare, Inc.,* 141 Idaho 809, 814, 118 P.3d 141, 146 (2005).

### B.

■ Deelstra argues the district court erred when it awarded attorney fees to Hagler. According to Deelstra, the court's award of attorney fees modified the arbitration award in a manner that is not permissible under I.C. § 7–913. He contends that any such modification was improper because Hagler filed no motion to modify, vacate or correct the award as required by I.C. § 7–911.[3] In addition, he notes Hagler failed to assert any grounds for modification pursuant to I.C. § 7–913 and, indeed, that modification is not permissible to add a fee award. In response, Hagler claims the arbitrator's decision was "in all respects correct and flawless." Thus, Hagler claims he made no at-

---

2. At the hearing before this Court, counsel clarified that each party requested attorney fees in their written closing arguments to the arbitrator. However, the parties did not submit an arbitration agreement to the arbitrator.

3. I.C. § 7–911 pertains to confirmation of an award. "Upon application of a party, the court shall confirm an award, unless within the time

limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award ..." Hagler did not urge any ground for vacating and modifying the award. He simply sought to dismiss the pending complaint, based on the arbitrator's decision, which determined the breach of contract issue.

tempt to seek a modification of this decision, noting in particular he did not receive any award of fees during the arbitration proceeding. As such, he claims Deelstra's arguments about the award of fees and I.C. § 7–913 are "simply irrelevant" to the district court's decision.

Deelstra is correct that the award of attorney fees incurred in the arbitration is an impermissible modification of the arbitrator's award. Deelstra is incorrect insofar as his argument extends to the award of pre-arbitration and post-arbitration attorney fees. With regard to the fees awarded for the arbitration proceedings, the district court was clearly modifying the arbitrator's award. The arbitrator had specifically declined to award fees incurred in the arbitration proceeding stating, "Idaho Code § 7–910 appears to prohibit attorney fee awards relating to the arbitration proceedings." The arbitrator indicated he was reluctant to address the issue of attorney fees incurred prior to the arbitration, leaving that to the determination of the district court. The arbitrator was correct on both counts. For fees to be awardable in the arbitration proceeding, there must be an agreement of the parties. Here there was none.[4] If a fee award was allowable for litigation engaged in prior to the matter being assigned to arbitration, that is a matter for the district court. So, also, is any fee awardable for proceedings to confirm, modify or correct an award. I.C. § 7–914; *Driver*, 139 Idaho at 430, 80 P.3d at 1031. Hagler's motion to dismiss, based upon the arbitrator's decision, was the functional equivalent of a motion to confirm the arbitrator's award. We affirm the award of fees for pre-arbitration and post-arbitration proceedings, but reverse the award for attorney fees incurred in the arbitration proceedings.

### III.

We vacate the award of attorney fees incurred during the arbitration proceedings, and remand for a determination and award of fees incurred in the civil action. Both parties request attorney fees on appeal, pursuant to 12–120(3). However, since neither party "prevails" on appeal, we deny costs and fees on appeal.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON concur.

---

4. At oral argument before this Court, Hagler's counsel conceded that there was no agreement between the parties that would authorize the arbitrator to award attorney fees to the prevailing party. However, he argued that the parties stipulated to a fee award by both requesting fees in their written final arguments to the arbitrator. That fact, however, does not constitute an agreement to award the prevailing party attorney fees. "It is beyond the scope of an arbitrator's authori-

ty to award attorney fees unless there is a contractual agreement for such an award." *Moore*, 141 Idaho at 817, 118 P.3d at 149. The fact that each party asks for attorney fees after the fact is not evidence of an agreement. It is doubtful that either party contemplated, by its fee request, that it was consenting to pay a fee award if the other party prevailed. Thus, it can't be said that there was any mutual agreement for a fee award to the prevailing party.