**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37870**

| | | |
|---|---|---|
| BLUE DOG RV, INC., | ) | 2012 Unpublished Opinion No. 411 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 27, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TREATY ROCK, INC., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order vacating arbitrator's award of attorney fees and costs, <u>reversed</u>.

Bistline Law, PLLC; Arthur M. Bistline, Coeur d'Alene, for appellant.

Respondent did not participate on appeal.
_____

GUTIERREZ, Judge

Blue Dog RV, Inc. appeals from the district court's order vacating the arbitrator's award of attorney fees and costs for arbitration proceedings against Treaty Rock, Inc.[1] For the reasons set forth below, we reverse.

## I.

## FACTS AND PROCEDURE

Blue Dog RV, Inc. (Blue Dog) and Treaty Rock, Inc. (Treaty Rock) executed a commercial lease agreement that included an arbitration clause, wherein the parties agreed to submit disputes to arbitration. A dispute later arose between the parties and the matter was submitted to arbitration. The parties submitted an "Agreement to Arbitrate" to the arbitrator,

---

[1] Treaty Rock, Inc. did not submit a brief to this Court on appeal. Thus, we proceeded based solely on the brief submitted by Blue Dog RV, Inc.

which identified damages as the sole issue to be decided.[2] The arbitrator found Treaty Rock had materially breached the lease agreement and awarded Blue Dog damages of $40,000. In addition, the arbitrator found the parties had previously stipulated he was authorized to determine the issue of attorney fees and costs, and since Blue Dog was the prevailing party on all issues, awarded Blue Dog its reasonable attorney fees and costs associated with the arbitration.

Treaty Rock requested the arbitrator reconsider his decision based on allegedly new evidence and also objected to the award of attorney fees and costs. The arbitrator denied the motion to reconsider. Blue Dog filed an "Application for Confirmation of Arbitration Award" in the district court. Before the court decided the issue, the parties stipulated to the entry of a judgment as to the damages award. The district court entered judgment in favor of Blue Dog for $40,000, but pursuant to the stipulation, did not address the issue of attorney fees and costs.

Blue Dog filed a motion for award of costs and attorney fees, contending it was the prevailing party at arbitration and the lease agreement provided the prevailing party was entitled to reimbursement of reasonable costs and attorney fees. Concurrently, Blue Dog filed a memorandum and affidavit of costs and attorney fees, identifying $88 in costs and approximately $24,000 in attorney fees associated with the arbitration proceedings.

Treaty Rock filed an objection to an award of costs and attorney fees and a motion to disallow, contending the arbitrator exceeded his authority in awarding attorney fees because the issue was not submitted to the arbitrator and was in contravention of the lease agreement. Specifically, Treaty Rock pointed to the agreement to arbitrate, which identified damages as the only issue to be decided, and argued the lease agreement specifically precluded the award of attorney fees and costs.[3] Blue Dog opposed the motion, arguing, among other things, the

---

[2]     The agreement to arbitrate provided, in relevant part:

>   8.     It is agreed that the issues to be decided are:  (Check one or more)
>
>          _____ Liability
>          __X__ Damages
>          _____ Other (Explain):  _____

[3]     Subsections 29.3 and 29.4 of the lease agreement provide, in relevant part:

arbitrator had not exceeded his authority in awarding attorney fees because the parties had agreed to submit the issue of attorney fees and costs to the arbitrator. Blue Dog also argued that because the lease agreement contained conflicting provisions regarding the award of attorney fees and costs, parol evidence should be taken into account, which would indicate the parties intended the arbitrator to decide the issue.[4] The district court found the lease agreement was unambiguous in disallowing attorney fees and costs, concluding the attorney fees provision in the lease agreement "clearly relates to judicial disputes between the parties." Finding no express agreement to submit the issue of attorney fees and costs to the arbitrator, the court vacated the arbitrator's award of attorney fees and costs. Blue Dog now appeals the district court's order vacating the arbitrator's award of attorney fees and requests attorney fees and costs on appeal.[5]

---

**29.3    Arbitration.**
Arbitration shall be conducted pursuant to the rules then in effect of the American Arbitration Association and the decision of the arbitrators may be entered and enforced as a judgment in accordance with the applicable laws of the jurisdiction in which the Premises shall be located. *Each party shall bear its own attorney fees and expenses* and those of the arbitrator it selects.

**29.4    Exclusive Procedures.**
The procedures specified in this Section 29 shall be the sole and exclusive procedures for the resolution of disputes between the parties arising out of or relating to this agreement; provided, however, that a party may seek a preliminary injunction or other preliminary judicial relief if in its judgment such action is necessary to avoid irreparable damage.

(Emphasis added.)

[4]    In addition to the mention of attorney fees in subsection 29.3, section 30 of the lease agreement provides:

> **30.    Attorney Fees.**  In the event there is a dispute between the parties, the prevailing party shall be entitled to reimbursement for their reasonable attorney's fees, and any costs incurred, as said costs are otherwise defined by Idaho Rules of Civil Procedure, Rule 54.

[5]    On appeal, Blue Dog does not challenge the district court's order vacating the arbitrator's award of costs and, thus, we do not address that issue.

## ANALYSIS

**A.    Arbitration Attorney Fees**

Blue Dog contends the district court erred in reversing the arbitrator's award of attorney fees incurred during arbitration.  Specifically, Blue Dog argues the district court erred in finding the arbitrator exceeded his authority in awarding attorney fees because the parties stipulated prior to arbitration that the arbitrator could determine the issue.  Further, Blue Dog argues Treaty Rock was judicially estopped from challenging the authority of the arbitrator to award attorney fees in district court because Treaty Rock argued an inconsistent position during arbitration proceedings.  Finally, Blue Dog contends that even if it was proper for the district court to address the merits of Blue Dog's entitlement to attorney fees, the fee award was proper because the lease agreement is ambiguous and parol evidence indicates the parties intended the arbitrator to determine the issue of fees.

Courts possess very limited authority to review arbitration awards under Idaho's Uniform Arbitration Act (UAA).  Idaho Code §§ 7-901 to 7-922; *Deelstra v. Hagler*, 145 Idaho 922, 924, 188 P.3d 864, 866 (2008); *Mumford v. Miller*, 143 Idaho 99, 100, 137 P.3d 1021, 1022 (2006).  The arbitrator's decision is binding on the reviewing court both as to questions of law and fact. *Deelstra*, 145 Idaho at 924, 188 P.3d at 866; *Driver v. SI Corp.*, 139 Idaho 423, 426, 80 P.3d 1024, 1027 (2003).  Even where a reviewing court might consider some of the arbitrator's rulings on questions of law to be error, the arbitrator's decision is nevertheless binding on the reviewing court.  *Deelstra*, 145 Idaho at 924, 188 P.3d at 866; *Driver*, 139 Idaho at 426, 80 P.3d at 1027.  *See Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006) (noting courts must give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law).  As our Supreme Court stated in *Hecla Mining Co. v. Bunker Hill Co.*, 101 Idaho 557, 562, 617 P.2d 861, 866 (1980):

> The essential nature of arbitration is that the parties, by consensual agreement, have decided to substitute the final and binding judgment of an impartial entity conversant with the business world for the judgment of the courts. They seek to avoid the cost, in both time and money, of formal judicial dispute resolution. But when the parties bargain for the binding decision of an arbitrator, they necessarily accept the fact that his interpretation of the facts, the law, and the equities of the situation may not be entirely satisfactory to them.

Thus, an inquiry by a district court is limited to an examination of the award to discern if any of the enumerated grounds for relief stated in the UAA exist. *Deelstra*, 145 Idaho at 924, 188 P.3d at 866. An arbitration award may be challenged pursuant to an enumerated ground in the UAA requiring an award be vacated where the arbitrator exceeded his authority. I.C. § 7-912(a)(3). This provision is typically interpreted to mean the arbitrator considered an issue not submitted or he exceeded the bounds of the contract between the parties. *Mumford*, 143 Idaho at 101, 137 P.3d at 1023. It is well settled that it is beyond the scope of an arbitrator's authority to award attorney fees unless there is a contractual agreement for such an award. I.C. § 7-910;[6] *Moore v. Omnicare, Inc.*, 141 Idaho 809, 816-17, 118 P.3d 141, 148-49 (2005). When reviewing a district court's decision to vacate or modify an award of an arbitration panel, this Court employs virtually the same standard of review as that of the district court when considering an arbitrator's award of attorney fees. *Deelstra*, 145 Idaho at 924, 188 P.3d at 866; *Moore*, 141 Idaho at 814, 118 P.3d at 146.

In vacating the award of attorney fees in this case, the district court found the arbitrator exceeded his authority in granting attorney fees because there was no express agreement between the parties for the award of attorney fees. Specifically, the district court found neither the lease agreement nor the agreement to arbitrate contained an agreement between the parties on this issue. However, on appeal, Blue Dog contends the district court erred in this finding because the record demonstrates the parties stipulated prior to arbitration that the contract allowed for the arbitrator to determine this issue.

The evidence of this purported agreement that Blue Dog points to is a document, issued by the arbitrator prior to commencement of arbitration proceedings, entitled "Notice of Hearing

---

[6] Idaho Code § 7-910 provides:

> Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

Our Supreme Court has held this statute, on its face, militates against the authority of an arbitrator to award attorney fees to one of the parties absent a contractual agreement to do so. *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983).

and Order Pertaining to Conduct of Hearing and Exchange of Information." In relevant part, it indicated the scheduled date and time for the arbitration and stated:

> Pursuant to the telephone conference held September 18, 2008, and the counsel of the parties and the Arbitrator having discussed the following matters and having reached an understanding thereto; IT IS HEREBY ORDERED AS FOLLOWS:
>
> . . . .
>
> 11. The parties have stipulated and agreed that the underlying contract provides for an award of attorneys' fees and costs and such an award will be at issue.

Subsequently, when awarding attorney fees to Blue Dog in his final opinion, the arbitrator reiterated, "The parties have previously stipulated that the arbitrator is authorized to decide the issue of attorneys' fees, which is consistent with the provisions of the written lease and applicable statutory provisions of Idaho Code § 12-120."

In vacating the arbitrator's award of attorney fees, the district court did not explicitly address the existence of (let alone the effect of) this purported stipulation, but appears to do so implicitly, stating that while Blue Dog argues that "various documents from the arbitrator show that the parties agreed to an award of costs and fees to the prevailing party," the only *express* agreements found in the record were the lease agreement and the agreement to arbitrate--neither of which, it surmised, provided for the provision of arbitration attorney fees and costs to the prevailing party. Thus, the court appears to have implicitly determined that the stipulation did not constitute an express agreement for the award of fees.

The narrow question we are faced with on appeal is whether the stipulation (which is not part of the record) was, in fact, sufficient to grant the arbitrator the authority to determine attorney fees. While many states, including Idaho, have construed the UAA attorney fees provision (codified in Idaho as section 7-910) to prohibit an award of attorney fees unless the parties expressly authorize such an award in their arbitration agreement, those states have differed in their characterization of the form such an agreement must take. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 882 P.2d 1274, 1278 (Ariz. 1994) (permitting attorney fees if parties explicitly provide for such fees in the arbitration agreement); *Compton v. Lemon Ranches, Ltd.*, 972 P.2d 1078, 1080 (Colo. App. 1999) (observing parties may expand scope of original arbitration agreement by subsequently submitting other matters to arbitration); *WMS, Inc. v. Weaver*, 602 S.E.2d 706, 715 (S.C. Ct. App. 2004) (requiring express provision in

6

arbitration agreement authorizing attorney fees, but permitting waiver of challenge to attorney fees award when party does not object during arbitration); *D & E Constr. Co. v. Robert J. Denley Co.*, 38 S.W.3d 513, 519 (Tenn. 2001) (prohibiting attorney fees unless parties have an understanding to the contrary). *Cf. Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So. 2d 143, 149 (Fla. Dist. Ct. App. 2000) (concluding parties expressly waived right to have issue of attorney fees decided by a court instead of arbitrators by requesting attorney fees in arbitration pleadings and closing argument). Our Supreme Court has weighed in, stating in *Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983) that the UAA as codified in Idaho authorizes attorney fees when parties *contractually agree* to the award of such fees. The scope of this requirement has not been fleshed out; however, our Supreme Court further hinted at what constitutes the requisite agreement where the original arbitration agreements do not contain a specific provision providing for the award of attorney fees. In *Deelstra*, the appellant contended the district court's award of attorney fees incurred in arbitration proceedings was an impermissible modification of the arbitrator's award where the arbitrator had correctly declined to award attorney fees to the respondents on the basis that the parties never agreed to authorize the arbitrator to consider the issue. *Deelstra*, 145 Idaho at 924-25, 188 P.3d at 866-67. Although the respondent conceded on appeal that there had been no such agreement, he argued the parties had stipulated to the fee award by both requesting attorney fees in their written final arguments to the arbitrator. The Supreme Court responded thusly:

> That fact, however, does not constitute an agreement to award the prevailing party attorney fees. "It is beyond the scope of an arbitrator's authority to award attorney fees unless there is a contractual agreement for such an award." *Moore*, 141 Idaho at 817, 118 P.3d at 149. The fact that each party asks for attorney fees after the fact is not evidence of an agreement. It is doubtful that either party contemplated, by its fee request, that it was consenting to pay a fee award if the other party prevailed. Thus, it can't be said that there was any *mutual agreement* for a fee award to the prevailing party.

*Deelstra*, 145 Idaho at 925 n.4, 188 P.3d at 867 n.4 (emphasis added).

Thus, it is apparent our Supreme Court contemplates that parties may agree, outside the original contract providing for arbitration, to submit the issue of attorney fees to an arbitrator so long as there is *mutual agreement* as to the issue. This comports with the well settled law in Idaho that parties to a written contract may modify its terms by subsequent oral agreement or may contract further with respect to its subject matter. *Silver Syndicate, Inc. v. Sunshine Mining*

7

*Co.*, 101 Idaho 226, 235, 611 P.2d 1011, 1020 (1979); *Scott v. Castle*, 104 Idaho 719, 724, 662 P.2d 1163, 1168 (Ct. App. 1983).

Generally, whether a contract has been modified by the parties thereto is ordinarily a question of fact for the trier of fact, as where the evidence is conflicting or the terms of the agreement are equivocal or uncertain. *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 368, 679 P.2d 640, 645 (1984); *see Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 413, 179 P.3d 1064, 1069 (2008). Conversely, where it is contended that a contract has been modified, and the evidence relating to the modification is undisputed and unambiguous, the trial court must decide as a matter of law whether the contract was modified. *Johnson*, 106 Idaho at 368, 679 P.2d at 645. Here, the notice of hearing issued by the arbitrator unequivocally indicates the parties agreed that the arbitrator was to determine the issue of attorney fees--and we have been presented with no evidence to the contrary. Thus, where this evidence is undisputed and unambiguous, we determine as a matter of law that the parties *agreed* to submit the issue of attorney fees to the arbitrator. Accordingly, we conclude the district court erred in finding the arbitrator exceeded his authority and in vacating the attorney fees award.

**B.    Attorney Fees and Costs on Appeal**

Blue Dog requests attorney fees and costs on appeal. It bases its request on the parties' lease agreement, which provides that, in the event of a dispute, the prevailing party is entitled to attorney fees and pursuant to Idaho Code § 12-120(3), which provides for the award of attorney fees to the prevailing party in any civil action pertaining to, among other things, a commercial transaction.

Because Blue Dog is the prevailing party on appeal, we conclude an award of attorney fees is appropriate pursuant to the clear terms of the lease agreement. As noted above, the lease agreement provides that in the event of a dispute, the prevailing party is entitled to attorney fees. While the application of this provision was disputed as to the award of attorney fees incurred in *arbitration*, there is no dispute that it applies to the award of attorney fees incurred in district court proceedings. In addition, costs are awarded to Blue Dog as a matter of course. Idaho Appellate Rule 40.

### III.

### CONCLUSION

Because the parties mutually agreed to submit the issue of attorney fees to the arbitrator, the district court erred in finding the arbitrator exceeded his authority in awarding attorney fees and in vacating the award. Thus, we reverse the district court's order vacating the arbitrator's award of attorney fees and costs. As the prevailing party, Blue Dog is entitled to attorney fees and costs on appeal.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**