# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51024

| | |
|---|---|
| PERRYMAN CONSTRUCTION MANAGEMENT, INC., an Idaho corporation, | ) <br> ) **Filed: November 15, 2024** <br> ) <br> ) **Melanie Gagnepain, Clerk** |
| Plaintiff-Counterdefendant-Respondent, | ) <br> ) |
| and | ) <br> ) |
| ALL PRO MECHANICAL, LLC, an Idaho limited liability company, | ) <br> ) <br> ) |
| Plaintiff-Counterdefendant, | ) <br> ) |
| v. | ) <br> ) |
| DOEPPEL PREMIER PROPERTIES IDAHO, LLC, an Idaho limited liability company, | ) <br> ) <br> ) <br> ) |
| Defendant-Counterclaimant-Appellant, | ) <br> ) <br> ) |
| and | ) <br> ) |
| STEPHEN'S ELECTRIC, INC., | ) <br> ) |
| Intervenor. | ) <br> ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment awarding attorney fees to All Pro Mechanical, LLC and Perryman Construction Management, Inc., <u>affirmed</u>; judgment confirming arbitration award and awarding attorney fees and costs to All Pro Mechanical, LLC and Perryman Construction Management, Inc., <u>affirmed.</u>

Borton-Lakey Law & Policy; Victor Villegas, Meridian, for appellant. Victor Villegas argued.

1

Smith + Malek, PLLC; Kirk Houston, Boise, for respondent. Kolby Reddish argued.

_____

TRIBE, Judge

Doeppel Premier Properties Idaho, LLC (Doeppel) appeals from two judgments entered by the district court affirming an arbitration award and granting attorney fees and costs to All Pro Mechanical, LLC (All Pro) and Perryman Construction Management, Inc. (Perryman). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doeppel hired Perryman to be the general contractor for a construction project. The parties entered into a "Construction Services Agreement" (contract) wherein Perryman agreed to build five buildings within 200 days for a cost not to exceed $2,265,670.00. Based on Doeppel's dissatisfaction with Perryman's progress, Doeppel sent written notices to Perryman demanding the defects be cured within thirty days. Seven days after the last notice was sent, John Doeppel, the owner of Doeppel, came to the project site and told Kelly Perryman, the owner and principal officer of Perryman, to "[g]et the f*** off my site."[1] Perryman ceased operations and asked the City of Caldwell to remove Perryman as the general contractor for the project.

Perryman filed a complaint against Doeppel for foreclosure of a mechanic's lien, breach of contract, quantum meruit, and unjust enrichment.[2] Doeppel responded by asserting the following counterclaims: breach of contract, breach of warranties, unjust enrichment, and a breach of fiduciary duties. Both parties stipulated to submit all claims and counterclaims to arbitration in

_____

[1] There is conflicting testimony about the exact phrase used by John Doeppel. Kelly Perryman testified that John Doeppel said "[g]et the f*** off my site" while a bystander testified that the phrase was "[g]et the f*** off my property." For consistency purposes, we will use the former phraseology when referring to the statement.

[2] All Pro Mechanical LLC (All Pro) was hired as a subcontractor by Perryman. All Pro was a complaining party and remained a party until after arbitration. The arbitrator awarded All Pro $111,279.69. Pending this appeal, Doeppel paid the judgment amount to All Pro and All Pro was dismissed as a party to this appeal.

conformity with the arbitration clause of the contract.[3]  At the conclusion of the hearing, the arbitrator issued an interim decision and then a final decision.  The final decision and award were in favor of Perryman.  In district court, Perryman filed a motion to confirm the award, and Doeppel filed a motion to vacate the award.  At a hearing on the motions, the district court orally denied Doeppel's motion to vacate the award and later entered an order confirming the arbitration award.  Judgment was entered awarding Perryman attorney fees.  A second judgment was entered on the arbitration award.  Doeppel appeals both judgments of the district court.

## II.

## STANDARD OF REVIEW

When reviewing a district court's decision to vacate or modify an award of an arbitration panel, this Court employs virtually the same standard of review as that of the district court when ruling on the petition for review of the arbitration award.  *Bingham Cnty. Comm'n v. Interstate Elec. Corp.*, 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983).  Review of an arbitrator's award is limited to whether any of the grounds for relief stated in the Idaho Uniform Arbitration Act (UAA) exist.  Idaho Code § 7-912; *Moore v. Omnicare, Inc.*, 141 Idaho 809, 814, 118 P.3d 141, 146 (2005).  An arbitrator's rulings on questions of law and fact are binding, even where erroneous, unless one of the statutory grounds enumerated in I.C. § 7-912(a) is present.  *Moore,* 141 Idaho at 815, 118 P.3d at 147.

## III.

## ANALYSIS

Doeppel presents several issues on appeal.  The first issue is whether the district court erred in confirming the arbitration award.  Doeppel alleges the arbitrator exceeded his powers in two ways:  the first was by exceeding the bounds of the contract by finding the contract was terminated by verbal communication, excusing Perryman from liability for Doeppel's work after Perryman ceased work, and awarding damages to nonparties; and the second was by considering issues that were not submitted to the arbitrator by the parties.  In response, Perryman contends that the arbitrator did not err and, therefore, Doeppel's claims should not be reviewed on the merits.

---

[3]      Article 9.1. of the contract requires "[a]ny claim, dispute or other matter arising" out of the contract must be "decided by binding arbitration under the American Arbitration Association Construction Industry Rules."

3

Alternatively, Perryman asserts that, even if the issues are reviewed, Doeppel's arguments fail because the arbitrator's findings are reasonable and the arbitrator considered issues that were properly before him. The second issue presented on appeal is whether the arbitration award can be modified. Doeppel argues the arbitration award can be modified pursuant to I.C. § 7-913(a)(2), which allows the modification or correction of an award when an arbitrator considers an award not submitted to the arbitrator. The final issue is whether Perryman is entitled to attorney fees on appeal. Perryman argues he is entitled to attorney fees pursuant to a contractual provision permitting fees when a party is enforcing arbitration. Doeppel argues the plain language of the contract does not provide for attorney fees on appeal.

## A.  Arbitrator's Powers

Review of an arbitrator's award is limited to whether any of the grounds for relief stated in the UAA exist. Idaho Code § 7-912; *Moore*, 141 Idaho at 814, 118 P.3d at 146. An arbitrator's rulings on questions of law and fact are binding, even where erroneous, unless one of the statutory grounds enumerated in I.C. § 7-912(a) is present. *Moore,* 141 Idaho at 815, 118 P.3d at 147. Those grounds include an arbitrator exceeding his powers. I.C. § 7-912(a)(3). The Idaho Supreme Court has explained that an arbitrator exceeds its powers when the arbitrator considers an issue not submitted by the parties or when the arbitrator exceeds the bounds of the contract between the parties. *Bingham Cnty. Comm'n*, 105 Idaho at 42, 665 P.2d at 1052. The Idaho Supreme Court has also recognized that, when parties submit an issue to be resolved by the arbitrator, the "submission necessarily contemplates that the arbitrator will have to exercise the factual and legal judgment that the parties bargained for when they agreed that disputes concerning their contract would be submitted to an arbitrator." *Mumford v. Miller*, 143 Idaho 99, 101, 137 P.3d 1021, 1023 (2006).

For example, in *Mumford,* the Court reviewed an order from the district court declining to award Mumford attorney fees after an arbitrator likewise denied an award of attorney fees. *Id*. at 99, 137 P.3d at 1021. Mumford argued that the arbitrator disregarded the mandatory directive in the contract between the parties that required an award of attorney fees to the prevailing party. *Id*. at 100-01, 137 P.3d at 1022-23. The Court concluded that the parties "submitted all issues--including attorney fees--for resolution by the arbitrator." *Id*. at 101, 137 P.3d at 1023. This required the arbitrator to determine whether there was a prevailing party for purposes of attorney

4

fees, a determination necessarily based on the facts and the law. The Court held that, by making such a determination, the arbitrator did not exceed its powers under the UAA and the Court rejected Mumford's veiled request to review "the propriety of [the arbitrator's] factual determinations or the correctness of his determinations regarding applicable Idaho law." *Id.*

Doeppel argues that the district court should have vacated the arbitration award because the arbitrator exceeded his powers. *See* I.C. § 7-912(a)(3). Before addressing the merits of Doeppel's argument that the arbitrator exceeded his powers, we note that, throughout the record on appeal, "power" and "authority" are used interchangeably. For example, at the hearing on the motion to vacate the arbitration award, the parties and the district court used the following language when discussing the arbitrator: "exceeded his authority," "what is the power of the arbitrator," "when the arbitrator exceeds their powers," "what the authority or power is for an arbitrator," and "that limits the authority of the arbitrator." Other synonymous phrases used to determine if the district court should vacate the arbitration award included: the "scope of the powers of the arbitrator," "authority that was granted," "scope of authority," "exceeding the arbitrator's powers," "powers and scope of powers," and what the "arbitrator had authority to determine." In the issues section of its opening brief on appeal, Doeppel argues the arbitrator exceeded his "powers." Throughout both its opening brief and its reply brief, Doeppel also references the arbitrator exceeding the bounds of his "authority."

Idaho Code § 7-912(a)(3) allows for the vacation of an arbitration award if the arbitrator "exceed[s] [his] powers" not if the arbitrator exceeds his authority. *Mumford* states that the arbitrator's powers derive from the parties' agreement. *Mumford,* 143 Idaho at 101, 137 P.3d at 1023 (citing *Moore*, 141 Idaho at 816, 118 P. 3d at 148). In *Moore*, following the statement that "matters submitted for arbitration are relevant to determining the scope of an arbitrator's power," the Court followed with, "[a]bsent express limitation by the parties, the arbitrator's authority is very broad." *Moore*, 141 Idaho at 816, 118 P. 3d at 148. When read together, *Moore and Mumford* seem to indicate that, if an arbitrator exceeds his authority in a certain area, the arbitrator does not have the power to act in the area where the arbitrator exceeded his authority. *See Mumford*, 143 Idaho at 101, 137 P.3d at 1023; *Moore*, 141 Idaho at 816, 118 P.3d at 148.

The terms "power" and "authority" have different legal meanings. Power is the ability to act or not act. *Power (2)*, BLACK'S LAW DICTIONARY (12th ed. 2024). Authority is the official

right or permission to act, especially to act legally on another's behalf. *Authority*, BLACK'S LAW DICTIONARY (12th ed. 2024). Therefore, the term "power" will be used in this context to address the abilities of the arbitrator that are bestowed upon his position by statute while we use the term "authority" in reference to the allowances to the act given to the arbitrator by way of contractual agreement between the parties.

### 1.    Bounds of the contract

Doeppel argues that the district court erred in failing to vacate the arbitration award because the arbitrator exceeded the bounds of the contract in three ways. First, Doeppel argues that the district court erred in affirming the arbitration award because the arbitrator "changed the terms of the Construction Contract to allow notice and amendment of the contract to occur by a single verbal statement" while the terms of the contract required any modification to be in writing. Second, Doeppel argues that the arbitrator exceeded his powers by finding that Perryman was not responsible for the costs of correction. Third, Doeppel argues that the arbitrator exceeded his powers by considering third-party subcontractor claims in awarding damages. Perryman responds that the arbitrator did not exceed his powers because he did not rule on any issues that were not submitted to him.

With respect to Doeppel's first argument--that the arbitrator exceeded his powers because the arbitrator decided that the contract was terminated by John Doeppel verbally telling Kelly Perryman to "[g]et the f*** off my site"--Doeppel asserts that this decision directly contradicts the express language of the contract provision requiring any notice to be in writing and delivered by mail or in-person. Doeppel distinguishes this case from *Mumford* by noting that the parties in *Mumford* submitted the issue of attorney fees to the arbitrator while here "neither Perryman nor Doeppel submitted the issue of oral modification" to arbitration. Doeppel also distinguishes this case by emphasizing that the agreement in *Mumford* contained language allowing an arbitrator to award attorney fees, which the arbitrator did not award, while here the arbitrator disregarded the contract's prohibition on oral modifications. Doeppel argues that the arbitrator exceeded his authority because the arbitrator allowed oral modification. The express terms of the contract prohibited oral modification; therefore, the issue of oral modification was improper for the arbitrator to consider.

6

Doeppel cites the Idaho Supreme Court's holding that an arbitrator goes beyond his scope of authority when deciding on an award that "directly contradicts [the] express language" of a contract. *Moore*, 141 Idaho at 818, 118 P.3d at 150. *Moore* involved an arbitrator's award of attorney fees despite a contract provision that expressly required both parties to bear their own costs during arbitration. The Idaho Supreme Court held that awarding costs was beyond the arbitrator's authority. *Id.* Doeppel interprets *Moore* to hold that an arbitrator exceeds his authority "where a contract prohibits something from occurring, yet the [a]rbitrator made it occur." Even with this interpretation, the analysis in *Moore* is distinct from the issue before us.

Unlike in *Moore,* where the contract limitation was placed on the authority of the arbitrator, the contract here provided no such limit on the arbitrator's authority to resolve the contested legal question. Here, the contract language precluding oral modifications was a legal directive to the parties, not the arbitrator. As Doeppel acknowledges on appeal, both parties asked for strict compliance with the terms of the contract when submitting the issue to arbitration. Article 9.1 of the contract states that "*any* claim, dispute or other matter arising out of this [a]greement must be decided by binding arbitration" (emphasis added), which included the contract's termination and notice provisions. Because Article 9.1 requires all disputes arising out of the contract to be submitted to arbitration, the method of termination issue was a legal issue properly decided by the arbitrator. *See Mumford*, 143 Idaho at 101, 137 P.3d at 1023.

Like in *Mumford*, Doeppel attempts to disguise its challenge to the factual and legal conclusions of the arbitrator concerning the methods by which the contract could be terminated or modified as an issue of the arbitrator violating a non-discretionary directive of the contract. Here, the contested language is not a directive or limitation on the arbitrator but rather, is a clause of legal consequence discussing how the contract may be terminated or modified between the parties. Because this is an attack on the arbitrator's legal conclusion, it may not be reviewed for its substance.

Doeppel next argues that the arbitrator exceeded his powers when he failed to deduct, from the award, the amounts Doeppel spent to complete the project after Perryman ceased working. Doeppel contends that, even if the contract was terminated, it retained the ability to deduct the cost to remedy the construction defects based on the contract's survival clause. The arbitrator decided that "Perryman waived the right to demand an opportunity to remedy any alleged deficiencies" for

"fail[ing] to object to the verbal notice to leave the job site" and that Doeppel waived any right it had to demand Perryman to correct any deficiencies "by verbally ordering Perryman off the job site." As with its other argument, Doeppel is asking this Court to review the factual and legal conclusions of the arbitrator. Accordingly, this argument suffers the same fate--we decline to review its merits because the arbitrator's factual and legal conclusions are not reviewable.

Third and last, Doeppel argues that the arbitrator exceeded his powers when he considered third-party subcontractor claims as part of the award of damages. Doeppel points to the binding arbitration clause which reflects the agreement between the parties to submit "[a]ny claim, dispute or other matter arising out of this [a]greement" to arbitration. Doeppel contends this provision limits the claims submitted in arbitration to those between Perryman and Doeppel. Perryman responds that claims "arising out of the [a]greement" include claims stemming from money due or paid to the subcontractors hired by Perryman for the completion of the project, which is the subject of the contract. We agree. The arbitration agreement between Perryman and Doeppel does not restrict any issue from being considered by the arbitrator but instead provides a broad scope of potential issues and claims to be properly considered by the arbitrator as noted by the term "[a]ny claim, dispute or other matter" language of Article 9.1 of the contract. Because it is not contested that the third-party subcontractors were hired by Perryman to perform tasks in furtherance of Perryman's position as general contractor for Doeppel's project, the issue of damages awarded to the subcontractors that were hired to assist Perryman in aid of that position is an issue arising out of the agreement between Doeppel and Perryman. We decline to adopt Doeppel's interpretation that the arbitration provision limits third-party claims arising from the agreement. Because Doeppel and Perryman did not stipulate to omit third-parties from the arbitrator's consideration, it was properly considered by the arbitrator. *See American Foreign Ins. Co. v. Reichert*, 140 Idaho 394, 401, 94 P.3d 699, 706 (2004) (holding an arbitrator exceeds the bounds of the contract when the parties agreed to omit an issue from arbitration and the arbitrator still makes a determination concerning that issue).

## 2. Issues submitted

Doeppel argues that the arbitrator considered issues that were not properly before him. Specifically, Doeppel argues that the issues of contract modification or waiver were not submitted by the parties as issues to be decided. Doeppel supports its argument by stating that "the [a]rbitrator eliminated the contract provisions requiring written notice." Perryman argues that the issues decided by the arbitrator were squarely in front of him. We agree.

Doeppel suggests that the issues of contract modification or waiver were not submitted to the arbitrator. However, it is difficult to see how these issues were not submitted to the arbitrator when the underlying issue to be decided was whether a breach of contract had occurred. A review of the arbitrator's decision shows that the issues of contract modification and waiver fall within the breach of contract issues. The arbitrator stated:

> Doeppel has asserted that Perryman breached their Agreement by quitting the Project without provocation and that such conduct constitutes a breach of contract and breach of the implied duty of good faith and fair dealing that exists in every agreement. Doeppel bases its assertion on its position that Perryman wrongfully abandoned the Project. On the contrary, the evidence establishes and the Arbitrator finds that Doeppel ordered Perryman to stop construction and leave the job site on January 17, 2020. Kelly Perryman left the job site on January 17, 2020 and removed Perryman as the general contractor on the Project because John Doeppel told him to get off the job site.

Based on Doeppel's assertion that Perryman abandoned the project, the arbitrator was required to consider whether Perryman's cessation of work did, in fact, constitute a breach of the contract. The analysis would necessarily include determining whether Perryman was excused from performance. In this case, the arbitrator found Doeppel's demand for Perryman to leave the jobsite excused Perryman's performance on the jobsite. As the parties submitted the issue of breach of contract to the arbitrator, Doeppel's argument that the issues of contract modification or waiver were not issues before the arbitrator fails.

## B. Modification of Arbitration Award

Doeppel argues that the arbitration award can be modified to reduce the amount awarded to various subcontractors because the contract did not contemplate joining third-party subcontractors to the arbitration award. In support of this argument, Doeppel cites I.C. § 7-913(a)(2), which allows a court to modify or correct an award where the arbitrators have awarded

9

upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted. Perryman's argument here mirrors its argument above relating to subcontractors--that the terms of the contract required arbitration for "[a]ny claim, dispute or other matter arising" out of the contract and would necessarily include claims by subcontractors. For the reasons stated above, we agree that the contract's terms permitted the arbitrator to consider subcontractor awards. Because this was an issue submitted to the arbitrator, I.C. § 7-913(a)(2) does not apply and the award may not be modified.

**C.     Attorney Fees and Costs on Appeal**

Perryman asks for attorney fees and costs on appeal pursuant to the contract, I.C. § 7-914; I.C. § 12-121; I.A.R. 41; and *Mumford*. Doeppel argues that the award of attorney fees is improper except pursuant to "a statute or contractual provision authorizing an award of attorney fees on appeal." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 127, 157 P.3d 613, 621 (2007). Doeppel points to the language included in Article 9.3 of the contract that states, "[t]he prevailing party in the arbitration must be awarded its reasonable attorney fees and costs incurred in the arbitration and . . . enforcing the arbitration award in court" and suggests that the language "does not provide for an award of attorney fees on appeal." We disagree. The term "enforcing the arbitration award" can have no more particularized meaning than in this appeal as Perryman is seeking to enforce its arbitration award against Doeppel.

Even if we were to read the contract as Doeppel does, Perryman is still entitled to attorney fees and costs pursuant to I.C. § 12-121, which permits the prevailing party to be awarded attorney fees and costs when the trial court "finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." In *Mumford*, the Court awarded attorney fees to the respondent when the appellant's "arguments amount[ed] to a disagreement with the arbitrator's factual findings and legal conclusions," which do not fall within the "narrow and specifically delineated" grounds upon which an arbitrator's decision may be reviewed. *Mumford*, 143 Idaho at 101, 137 P.3d at 1023. As the same is true of Doeppel's arguments here, Perryman is awarded attorney fees and costs associated with this appeal.

10

## IV.

## CONCLUSION

Doeppel has failed to meet its burden on appeal of showing that the arbitrator exceeded his powers by going beyond the bounds of the contract or by considering issues not submitted to him by the parties. Consequently, a modification of the arbitration award would be improper. Therefore, the judgments affirming the arbitration award and awarding attorney fees and costs are affirmed. Perryman is awarded attorney fees and costs on appeal.

Judge HUSKEY and Judge LORELLO, **CONCUR**.